E. A. Cain v. State.

[60 South. 731.]

1. Insurance.  *Criminal offense.  Agent `of unauthorized company.*
   *Code 1906, sections* 1248-2615-2616.

   The object of Code 1906, section 1248-2615-2616, was to keep wild-
   cat companies or companies not complying with the law, from
   doing business in the state; and to that end, all persons acting
   as intermediaries for such companies, whether directly or
   through circuitous routes, are made liable to fine or imprison-
   ment.

2. Same.

   A person who transmits an application for insurance, receives
   the policy, delivers it to assured and collects the premium and
   transmits it to a broker is an agent, within the statute and is
   punishable under section 1248, Code 1906, though he was not
   authorized by the company to solicit policies.

Appeal from the circuit court of Amite county.

Hon. E. E. Brown, Judge.

E. A. Cain was convicted of unlawfully acting as agent
for a fire insurance business and appeals.

The section of the chapter on insurance in Mississippi
Code 1906, construed by the court in this case, are as
follows:

''Section 1248.  Any person who shall do or perform
any of the acts or things mentioned in the laws govern-
ing insurance companies, the doing or performing of
which is there provided, shall constitute such person the
agent of the company, for any insurance company not
organized under or incorporated by the laws of this state,
without such company having first complied with the re-
quirements of the laws of this state or having received
the certificate of authority from the commissioners of in-
surance, as required by law, shall be guilty of a misde-
meanor and, on conviction, be fined five hundred dollars

and be imprisoned in the county jail not exceeding twelve months, or by either; but the penalties of this section shall not apply to an adjuster of a loss, if the insurance could not have been obtained from a company which had complied with the laws of this state or if the insurance was given at a rate fully one-half of one per centum less than that charged by such companies.''

"Section 2615. Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance, or a policy of insurance, to or from such company, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the matter or consummation of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance or request or by the employment of the insurance company, or of or by any broker or other person shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract; such person knowingly procuring by fraudulent representations payment, or the obligation for the payment of a premium of insurance, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or be imprisoned for not more than one year.''

"Section 2616. An insurance agent shall be personally liable on all contracts of insurance lawfully made by or through him, directly, or indirectly, for or in behalf of any company not authorized to do business in the state.''

*R. S. Stewart,* for appellant.

Now to arrive at a full, just,and fair judgment of his acts it is necessary to see just what the law says is acting as an agent; in other words, the law has not left us to guess or conjecture at what might or might not be construed to constitute an act the act of an agent, or what act might or might not in the legal purview of an act render the party doing the act the agent of some other person.

Without quoting the full section, section 2615, Code 1906, says among other things, "that any person who solicits insurance for any company—who takes or transmits any application—or policy of insurance for said company, to or from such company, or shall receive or deliver any policy of insurance for such company, or collect or transmit any premium for such company, etc.

Now I especially direct the attention of your court to this statute and note in each instance where the act is defined or the act that constitutes the agency is defined it is circumscribed or limited by the phrase "for such company." In other words with the light of the statute before us, it becomes necessary then that the acts as enumerated in this section should be done, and in addition to this must be done for the company and none other.

Westbrook admits that he never heard of the name of the company, admits that Cain told him that he did not represent a company at first, when the question of his insuring the shop came up, and whether Cain approached him or he approached Cain became material only to the extent of showing the fact that Westbrook wanted insurance, asked for it, and sought it, and that he requested Cain to let him know if he found a company that would write it, and inferentially corroborating Cain in his testimony that he was acting for Westbrook, and, too, that Cain never held himself out as agent or never advertised himself as agent for the company; but be this as it may, and even if the exclusion of the evidence was

proper, and the exception of the defendant thereto without merit, there is yet enough in the record, a great part of it introduced by the state, that goes to show that the accused in any of the acts complained of, and there are in fact but two—that he solicited the insurance, that he delivered the policy and collected the premium not for the outlawed company—was from the state's evidence acting for W. C. Farrar & Company, and from the defendant's contention, for Westbrook the insured.

The policy of insurance was not admissible against the defendant, for it shows upon its face two facts that negative the idea of his having any connection with the same as an agent, and consequently could throw no light whatever on the issue being tried. Was Cain acting as agent for an outlawed company?

The policy shows on its face that it was procured and secured by W. C. Farrar & Company and not Cain. That the risk was obtained by said company and not Cain. That the application came through said company and not Cain. That the policy was issued to said company as brokers or buyers and not to Cain. That the agents in securing the policy, and the parties who represented the outlawed company in the transaction were Chas. T. List & Company and not the accused. But if the policy were admissible, if the introduction thereof were necessary to the maintaining or sustaining of the state's case, then I submit that the court fell into a fatal and into a reversible error, when it, after the introduction of the policy over defendant's objection, then permitted the state to change, vary, and contradict this document by parol proof. It would be considered the merest of folly for me to cite case or rules to this court holding that parol is not admissible to vary or contradict a written instrument. If this policy were admissible, and we submit that it was not, it shows that Farrar secured and procured its issuance, and sent in the application, and it shows that the company was represented by Chas. T. List &

Company, and none others, then I most respectfully submit that it was error and reversible error for the court to permit the introduction of evidence to show that Cain represented the company in securing the policy or in acting as agent as to its issuance. If the policy were admissible, it became and was a witness on the part of the state to the effect that it was issued by the Franklin Fire Insurance Company, because this fact appears upon its face, and is signed by the supposed president of the concern, if president it ever had, and this is all the proof that the state had that the Franklin Fire Insurance Company had anything to do in reference to the policy at all, and it shows, too, for whom it acted and who represented it. Can the state say that the policy is our witness and tell the truth as to who issued it, but then it is false when it says that it was issued by or on an application sent in by Farrar and Company, it is false when it says that Chas. T. List & Company acted as agents for the company in issuing the policy, but that Cain did both? One may not thus contradict its own witness, so this court has held, and so the statute declares unless surprise is plead.

Now as to the letters, bill for the policy and such like, we introduce the same objection, for the bill as rendered by Farrar & Company charged Cain with the premium, and never charged Westbrook, as it would have done had the policy been issued upon an application made to Cain as the agent of the company, nor does the bill show or charge that Cain was the agent of anybody in the transaction at all. The letters he wrote Westbrook and the receipts given by him nowhere intimate or disclose the fact that he acted as agent for the company.

If the receipts and the bill rendered by Farrar & Company to Cain were admissible as a part of the *res gestae,* and the court ruled correctly as to this, then surely must the court have erred when it excluded two letters, one from Farrar about this policy, and one from

103 Miss. 45

the Franklin Fire Insurance Company addressed to Cain as to this identical policy and his connection therewith, for if one was a part of the *res gestae,* and hence admissible, and our objection as to its admission groundless, then what about the two excluded when offered by the defendant? If these two letters, as shown in the record of the stenographer, where unsworn testimony, why was not the bill from Farrar to Cain in the same attitude?

The evidence from the state's view of the case, shows that the accused, if he acted at all in reference to the policy acted for and through W. C. Farrar & Company of Cincinnati, Ohio, and not for the Franklin Insurance Company.

If you take the theory of the state and the proof adduced by it we have this state of facts: Cain called on Westbrook and importuned with him, times without number almost, to insure the shop, and that finally having been thus beset until patience had fled, and endurance had worn away, Westbrook said all right, but signed no application, whereupon Cain wrote the complaint of Westbrook to Farrar & Company, who in turn sold Cain a policy, or hired Cain to sell a policy for them, and when the order was sent in, Farrar & Company placed the order to be filed with the Franklin Fire Insurance Company.

Now, does this make Cain their agents? If a traveling salesman visits my office, and solicits me to buy certain articles from his house, and among them I order bookcases, the order goes forward, and his house, upon receipt of the order, asks that the Globe-Werneke people forward the cases to me, was the salesman the agent for the bookcase concern or for his house with whom I placed the order? Suppose that the bookcase man had not complied with the law as to the sale of his goods here, and an indictment was preferred, would it lie against the manufacturer or the jobber?

Now Westbrook says that Cain never mentioned the name of Franklin Fire Insurance Company to him at

all, but simply solicited and sold him a policy, Cain says, and it is undisputed that he never knew the people until the policy had come back and he saw who had issued same. So, if Cain acted at all in connection with the company, he acted so when he delivered the policy and collected the premium. Did his acts as to this make him agent for them?

· Cain says that I advised and requested Farrar & Company to send the policy to the Liberty Bank and that Westbrook would come there, pay the premium and take the policy. For the sake of argument suppose that the policy had been sent as directed by Cain and that the Liberty Bank had delivered the same and collected and transmitted the premium, would it have been indictable as the agent of the issuing company?

Suppose that the bank had defaulted in the remitting of the premium, who would have had a claim against the bank, Farrar, the forwarder, or the Franklin Fire Insurance Company? If the bank would not have been indictable under the facts, merely by delivering the policy and collecting and forwarding the premium to Farrar, why then indict, try, convict and punish the accused?

Taking the state's evidence then as true, Cain was not soliciting insurance for "such a company," taking the documentary evidence as true, he was not delivering a policy for "such company," taking the receipts for the money as true and the bill rendered by Farrar as conclusive, then he was not collecting and transmitting premiums for "such a company or to such a company" but all of such acts were for Farrar & Company, parties different and distinct from the parties whom the indictment charged he was representing, and parties who, so far as the records show anything to the contrary had complied with the laws, and whom Cain had a perfect legal right to represent.

*Frank Johnston,* assistant attorney-general, for the state.

There was an objection to the introduction of the correspondence between the agent, Mr. Cain, and the Farrar Company and the letter of the Franklin Fire Insurance Company relating to this contract of insurance. These were all parts of the *res gestae.* It was all perfectly competent testimony. Mr. Cain's letters were his own statements in regard to the transaction and the letters of the Farrar Company related to the same subject, and were addressed to him and formed part of the correspondence as is the letter from the Franklin Fire Insurance Company, and all constituted necessary and integral parts of this transaction.

It is not necessary for me to cite authorities to this learned court on the question of the competency of this testimony.

The defendant objected also to the introduction of the policy of insurance, the ground of the objection being that the policy shows on its face that Chas. List & Company were the agents and procured the policy; and upon the further ground that the name of the defendant did not appear on the policy. This objection was wholly unfounded.

The policy of insurance was signed by the president of the company, and the secretary of the company, and countersigned at Wilmington, Delaware, by Chas. T. List & Co., agents. Chas. T. List & Co. were the general agents for this company. This is shown by the letter of the Franklin Fire Insurance Company to Mr. Cain. It is therefore idle to say that this insurance policy was procured or secured by Chas. T. List & Co., and not by Mr. Cain. Mr. Cain was simply a local agent, and he had evidently no authority to write insurance but only to solicit and procure it. It was not necessary or proper, therefore, for his name to be shown on the policy of insurance. The whole question in the case was substan-

tially and materially whether he was acting in the capac-
ity of agent for the Franklin Fire Insurance Company
in the matter of this insurance policy. It was wholly im-
material, therefore, whether his name appeared on the
policy or not. The policy, therefore, was competent evi-
dence in every possible view of the question.

The indictment charged that this indictment was made,
and the policy itself was not only proper evidence, but
I submit, was indispensable evidence to maintain the
charge made in the indictment. The question was one of
fact, whether Mr. Cain acted as agent for the Franklin
Fire Insurance Company. He did act for the Franklin
Fire Insurance Company for he solicited the insurance
from Mr. Westbrook. He wrote to the Farrar Company,
general insurance brokers, and in response to his letter,
this identical policy came down to him from the Frank-
lin Fire Insurance Company through the Farrar Com-
pany, general brokers, of Cincinnati, Ohio. It was placed
in his hands as the agent, therefore, of the Franklin Fire
Insurance Company, to be delivered by him, as agent for
said fire insurance company, to Mr. Westbrook. He was
authorized to collect the insurance premiums and did col-
lect and remit the premium on the policy. He also took
some steps in regard to the adjustment of the loss. He
did all these things as agent, and purely as agent, and
he acted, therefore, for the Franklin Fire Insurance Com-
pany in the matter of soliciting and procuring this con-
tract of insurance for the delivery of the policy of in-
surance and in the collection of the premium and, in a
measure, in the adjustment of the loss. This made him
an agent of the Franklin Fire Insurance Company, un-
der the definition given in section 1248 of the Code of
1906, defining what acts shall constitute a person as the
agent of an insurance company; which is that "any per-
son who shall do or perform any of the acts or things
mentioned in the laws governing insurance companies,
the doing or performing of which is there provided, shall
constitute such person as the agent of the company."

Section 2615 enumerates the acts that constitute a person an agent of an insurance company, which include clearly the acts of Mr. Cain in the present case.

There is, therefore, a prescribed, comprehensive, statutory definition of what act or acts shall constitute a person an agent for an insurance company. As I have stated, Mr. Cain did substantially all the things that a local agent could do, or that usually is done by a local agent in regard to the soliciting and effecting of contracts of insurance.

Cook, J., delivered the opinion of the court.

Appellant was convicted upon an indictment charging him with soliciting fire insurance contracts, and delivering a certain insurance policy, and collecting the premium therefor, which policy was written by a company not authorized to do business in this state. There is no substantial conflict in the evidence for the state and the evidence for the defendant below. In our view of the facts, and according to our construction of sections 1248, 2615, and 2616 of the Code of 1906, the defendant was guilty, both upon the state's evidence and his own testimony.

It is contended by appellant that he was acting as the agent of the assured throughout the whole transaction; that the assured requested him to secure the insurance for him; that it was secured by him, through a brokerage firm in Cincinnati; that he had no dealings with the company issuing the policy; that he obtained the insurance purely as an accommodation to the assured, receiving no commission or other reward. He admits that he delivered the policy and collected the premium, but insists that he transmitted the premium to the brokerage firm, not to the company.

The statute making it a misdemeanor to act as agent for an insurance company not authorized to do business in the state was designed to protect citizens of the state,

as well as insurance companies authorized to do business in the state. According to appellant's own testimony, he comes within the statute defining insurance agents, as he admits that he transmitted the application for insurance, received the policy when written, delivered same to the assured, collected the premium, and transmitted same to the broker. The fact that appellant did not deal directly with the company, and that he was not authorized by the company to solicit and obtain contracts for it, does not alter the case. The object of the statute was to keep wild-cat companies, or companies not complying with the law, from doing business in the state; and, to that end, all persons acting as intermediaries for such companies, whether directly or through circuitous routes, were made liable to fine and imprisonment.

*Affirmed.*