CANALE, et al. *v.* JONES

No. 40177          May 28, 1956          87 So. 2d 694

318

*Maynard, Fitzgerald & Maynard,* Clarksdale, for appellant.

*Caruthers Ewing,* Memphis, Tennessee ; *Barnett, Jones & Montgomery,* Jackson, for appellee.

HALL, J.

This suit was brought by the appellee against the appellants and Willard Hofer and Andrew Love for the recovery of damages growing out of an automobile accident which occurred on U. S. Highway 49 E about one-half mile north of the city corporate limits of the Town of Cruger, and resulted in a judgment in favor of the appellee against Canale and Miss McAdams, from which they appeal without supersedeas. No process was ever served on Andrew Love and the suit was dismissed as to him. Hofer was a passenger in the automobile owned by Canale and driven by his agent Miss McAdams, but he was asleep on the back seat of the car at the time of the collision and the trial court granted a directed verdict in favor of Hofer and submitted the case to the

jury on the question of the liability of Canale and Miss McAdams and Canale both admit that she was driving the Buick automobile as an agent of Canale. She was employed in his office in Memphis, Tennessee, and regularly drove the automobile for him. At the time of the accident Canale was sitting on the front seat by Miss McAdams. Hofer was an assistant football coach for the Catholic High School of Memphis and worked part time for Canale, and the three of them left Memphis around 2 P.M. on October 8, 1954, en route to attend a football game to be held at Yazoo City, Mississippi, at 8 o'clock that night. The accident occurred between 6:30 and 7:00 P. M. and at that time of the year it was already dark.

The appellee was employed by John Deere Plow Company and in the course of his employment had been demonstrating farming equipment that afternoon and was travelling north on the same highway en route to his home in Memphis. There is no substantial dispute that he was travelling on the east side of the highway. The only material dispute is whether the lights on his Chevrolet car were burning on high beam or on dim. The Canale Buick was travelling south on the west side of the highway and Miss McAdams testified that Jones' lights were burning bright and that he would not dim them. She saw this condition about 600 feet before meeting the Chevrolet and she claimed that the lights of Jones' car blinded her and caused her to run into the rear end of a south-bound mule drawn wagon loaded with approximately one bale of seed cotton. The wagon was demolished. It carried no lights or reflectors. Upon striking the wagon the Buick car veered into the east half of the highway and there was a headon collision between the Buick and the Chevrolet. Mr. Jones testified that he did not have his lights on high beam, but that they were dim from the time he left Cruger until the accident occurred.

There is no complaint on this appeal as to any of the actions of the court in the conduct of the trial except the granting of certain instructions and the amount of the verdict, which question was raised by a motion for a new trial. The first complaint is at the granting of an instruction which reads: "The court instructs the jury for the plaintiff, Jones, that the defendant, Miss McAdams was the servant and employee of the defendant, Drew Canale, and that the acts of Miss McAdams in driving and operating the Buick automobile involved in the collision with the Jones automobile were the acts of the defendant, Drew Canale, and that, if you find for the plaintiff, your verdict shall be against both the defendants, McAdams and Canale." The complaint is that the instructions did not advise the jury that they could return a verdict against only one of the two defendants and it is contended that this is contrary to our holding in the case of Gulf Refining Co. v. Myrick, 220 Miss. 429, 71 So. 2d 217. In that case the plaintiff requested and was granted an instruction which authorized a verdict against either of the defendants separately. We there cited the case of I. C. Railroad Co. v. Clarke, 85 Miss. 691, 38 So. 97, in which the jury returned a verdict against the railroad company but not against its engineer who was operating the train at the time of the injury. The Court there said: "Conceding the irregularity of the verdict, and that in fact appellee should have recovered against both, this concession conveys an implied acknowledgment of the rightfulness of the verdict against appellant, and justified the affirmance thereof." The Court went on to say in that case that both the railroad company and the engineer were liable. In this case the appellee had the right to bring a suit against Miss McAdams alone and against Canale alone and he also had the right to bring the suit against both of them. Since he did sue both of them and since both admitted not only in the answers but in their testimony that Miss McAdams

was driving the automobile as the agent of Canale, the appellee was entitled to an instruction telling the jury that if one is liable then both are liable and we do not think that the lower court erred in granting such an instruction.

■■■ Complaint is next made at the granting of the following instruction: "The court instructs the jury for the plaintiff, Jones, that, even if you should find, from the evidence that the operator of the cotton wagon in question was guilty of negligence, if any, in proximately contributing to the collision of the two automobiles, it will be your duty to find for the plaintiff, if you further find from the evidence that the operator of the Buick automobile was guilty of any negligence, if any, proximately contributing to the said collision, if any, and which proximately contributed to the damages and injuries of the plaintiff, if any." The complaint is that this instruction authorized a recovery if the jury found from the evidence that the operator of the Buick was guilty of any negligence approximately contributing to the collision, but it will be noted that the instruction first discusses the negligence of the operator of the cotton wagon which might have contributed to the collision. And the instruction goes on to say that the plaintiff would still be entitled to recover if the jury found from the evidence that the operator of the Buick automobile was guilty of any negligence proximately contributing to the collision. It is not such an instruction as has been repeatedly condemned by this Court such as for instance in the case of Rawlings v. Royals, 214 Miss. 335, 58 So. 2d 820. In that case we cited numerous authorities where the instruction has been condemned and we then said: "A review of the foregoing authorities shows that in those cases where the other instruction did not correctly inform the jury as to the acts or omissions constituting negligence we have held the error to be prejudicial and have entered orders of reversal; on the other hand, in some of the

cited authorities, where the instructions as a whole did correctly inform the jury as to what would constitute negligence, we have held that the granting of an instruction similar to that above quoted did not constitute such prejudicial error as to require a reversal."

We have examined all of the instructions granted in the case at bar and we find that they did correctly instruct the jury as to the applicable law on the acts of negligence proved in the case with the exception that we think that in probably two of the instructions for appellants, they got more than they were entitled to. Again we say that the instruction here under discussion was merely telling the jury that the negligence of the operator of the cotton wagon would not relieve the defendants of their negligence which proximately contributed to the accident and we do not think that the instruction constituted any reversible error.

■■ ■ Complaint is next made against the following instruction for the plaintiff: "The court instructs the jury for the plaintiff that the defendant McAdams was under the duty not merely to drive the Buick automobile so as to be able to stop within the range of her vision, but she was also under the duty to drive the Buick automobile in such manner that she could actually discover an object, perform the manual acts necessary to stop, and bring the automobile to a complete halt, if necessary, to avoid collision with others on or near the highways, and if you believe from a preponderance of the evidence in this case that Miss McAdams was not driving the Buick automobile so as to be able to avoid such a collision, then, in that event, Miss McAdams was negligent, and if you further believe from a preponderance of the evidence that such negligence, if any, proximately contributed to the happening of the accident, giving rise to the plaintiff's damages, it is your sworn duty to find for the plaintiff." It is argued that this instruction goes far beyond the "range of light" theory and has no ap-

plication to the facts in this case and in effect amounts to a peremptory instruction. We do not think so. Miss McAdams testified that after she was blinded by the bright lights she checked the speed of her car some and started slowing down when she was 400 feet away. Her tires made no skid-marks on the pavement. Mr. Jones skidded his wheels in a straight line for 75 feet before the collision and Miss McAdams admitted that she was within 20 feet of the cotton wagon before she saw it and that before striking the wagon she was blinded for a distance of 380 to 400 feet. We think that under the facts and circumstances shown by the record the plaintiff was entitled to the quoted instruction. As an example of our prior statement herein that the appellants received more than that to which they were entitled, they obtained the following instruction which we think should not have been granted: "The court instructs the jury for the defendants, Drew Canale and Miss Helen McAdams, that if you believe from a fair preponderance of the evidence in this case that at the time of the accident, the defendant, Miss Helen McAdams, was driving the automobile in her control in a reasonable careful manner under the circumstances and at a reasonably lawful rate of speed under the circumstances, and with proper and sufficient lights thereon, and that by reason of the circumstances existing at the place of the collision, she could not see the cotton wagon driven by Andrew Love until too late to avoid a collision therewith, then in that event, defendants, Drew Canale and Miss Helen McAdams, should not have been charged with the consequences and it will be your duty to return a verdict for said defendants, Drew Canale and Miss Helen McAdams."

██ ██ Complaint is next made at the refusal by the court to grant the following instruction to the defendants: "The court instructs the jury for the defendants that if you believe that the defendant, Miss McAdams, was blinded by the lights of the plaintiff Jones and if

you further believe that after being blinded by the oncoming lights, she made such effort as would have been made by a reasonably prudent person to slow her car down and bring it to a stop, then she would not be guilty of negligence, and your verdict should be for the defendants.'' Under the admitted facts in the case at bar we think this instruction was properly refused. Miss McAdams travelled between 380 to 400 feet after she says she was blinded and this is her own testimony about the matter. We therefore think that the instruction is not supported by the evidence.

■■■ Complaint is also made at the refusal of the following instruction: ''The court instructs the jury for the defendants that if you believe from the evidence that the defendant Miss McAdams was operating the Buick as a reasonably prudent person would, and did not attempt to pass the unlighted cotton wagon, but was blinded by the oncoming lights of the plaintiff Jones, and that under the circumstances then and there existing Miss McAdams was operating the Buick automobile as a reasonably prudent person would, but nevertheless ran into the back of the unlighted wagon and as a result thereof lost control of the Buick, then Miss McAdams would not be guilty of negligence, and it would then become your duty to find for the defendants Miss Helen McAdams and Drew Canale.'' This instruction virtually amounts to a peremptory in favor of the defendants and was not justified by the evidence in the case.

■■■ The appellants lastly complain that the verdict of $35,000 is so large as to evince passion and prejudice on the part of the jury. The appellee was 32 years of age on the time of the accident and had a life expectancy of 36.01 years. In the accident he sustained a fracture of 4 ribs, one of which punctured the lung and partly collapsed it. His pelvis bone was also fractured and the break extended down into the hip joint. His left knee was badly injured and he sustained a fracture of one of

the bones in his lower leg. He was in a hospital and under treatment for a long period of time and we shall not undertake to detail the evidence as to the pain and suffering which he endured. According to the medical testimony he is permanently disabled to the extent of about 35 percent for all purposes and is not and will not be able to do the work which he formely did, such as operating tractors and demonstrating farm machinery. The fixing of damages in a case of this nature, as we have repeatedly held, is largely a question for the jury and we will not interfere with its verdict unless the damages awarded are so large as to evince passion and prejudice and, as we have sevaral times said, so large as to shock the conscience. ▋▋ We do not think that the amount of the award in this case rises to that level and therefore the trial court was justified in overruling the motion for a new trial.

Affirmed.

*McGehee, C. J.*, and *Lee, Ethridge* and *Gillespie, JJ.*, concur.