Old Colony Insurance Company *v.*
Fagan Chevrolet Company, Inc.

No. 42519          February 25, 1963          150 So. 2d 172

*Jerome B. Steen, Satterfield, Shell, Williams & Buford,*
Jackson, for appellant.

*George B. Grubbs,* Mendenhall; *Hugh McIntosh,* Collins; *Boyd, Holifield, Harper & Graves,* Laurel, for appellee.

Jones, J.

This case is an appeal from the Circuit Court of Simpson County, Mississippi, where the appellee was awarded a verdict of $24,000. The main question involved is a construction of Sec. 5706, Miss. Code 1942, insofar as same fixes the authority of a local insurance agent.

The case arose in this way. Fagan Chevrolet Company is an automobile agency. Appellant, of course, is an insurance company, and Zeno L. Mangum, who was a co-defendant in the cause, was the local agent of appellant in Magee, Mississippi. On or about May 2, 1959, appellee purchased from appellant a garage liability policy, the said purchase being made through the local agent Mangum. Mangum signed the policy as authorized representative, delivered it, and collected the premium. In the early part of 1960, a suit was filed in Jones County, Mississippi. Appellee had sold an automobile to a man in Jones County. It had retained title to the car. The man let his grandson operate the car and there was an automobile accident in which a person was injured. Suit was filed against the purchaser of the car and also against Fagan Chevrolet Company for personal injuries received as a result of said accident. Jack W. Thames, an officer of appellee, was served on Febru-

ary 24, 1960, with a summons in said cause. Thames testified that soon after the receipt of the summons he contacted Mr. Mangum and read the summons to him, then told him he was going to Laurel and see what he could learn about the case. He did go to Laurel, and when he returned, called Mangum and told him what he had found. It is claimed that Mangum, by his conduct, waived the delivery of the summons to the company. The policy itself provided that reasonable notice should be given of an accident and upon receipt of any court summons same should be immediately forwarded to the company. It is claimed herein that Mangum, as agent of the company, waived the delivery of the summons.

There was no appearance in the Circuit Court of Jones County in defense of said cause. A default judgment was taken for something over $16,000. Later, a writ of garnishment was served on appellee's bank and funds belonging to the appellee were impounded as a result of such garnishment. After some considerable dealings and after an effort to have the default judgment set aside had been denied, Fagan Chevrolet Company settled the claim for something over $5,000, and thereupon filed this suit against the insurance company to recover the damages that it had sustained. It obtained a judgment for $24,000, which prompts this appeal.

The jury returned a verdict for the local defendant Mangum and against the appellant.

It is seen from this brief statement of the facts that the question involved is the power and authority of the local agent to waive. The declaration charged that Mangum was the general agent and adjuster of the insurance company. It charged that he was empowered to do all the acts and duties with reference to the insurance coverage granted to appellee, including the signing and issuance of contracts, collection of premiums, acceptance of notice of claims and litigation, the adjust-

ment of claims, and the handling of all endorsements on the insurance policy, and to perform every act and transaction relative to said insurance contract as a general agent of said company. The answer denied he was a general agent and charged he was merely what is generally known as a local agent. The evidence showed that he did issue policies, collect premiums, and the answer admitted that he adjusted minor claims. The evidence further showed that Fagan Chevrolet Company had reported to him various claims on cars and under the workmen's compensation act, and the claims had been handled through Mangum and paid by the company. The size of these claims was not shown. The policy contained the following provisions:

"Condition No. 9. Notice of Accident.

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"Condition No. 10. Notice of claim or suit — coverages A, B and D.

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"Condition No. 13. Action against the company — coverages A. B and D.

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the

insured after actual trial or by written agreement of the insured, the claimant and the company.

"Condition No. 17. Changes.

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

Sec. 5706, of the Miss. Code of 1942, being the statute on which appellee relied, reads as follows:

"Every person who solicits insurance on behelf of any insurance company, or who takes or transmits, other than for himself, an application for insurance, or a policy of insurance, or who advertises or otherwise gives notice that he will receive or transmit the same, (or who shall receive or deliver a policy of insurance of any such company,) or who shall examine or inspect any risk, or receive, collect or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the making or consummation of any contract of insurance, for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance, or request, or by the employment of the insurance company, or of, or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract; such person knowingly procuring by fraudulent representations, payment, or the obligation for the payment, of a premium of insurance, shall be punished

by a fine of not less than one hundred dollars nor more than five hundred dollars, or be imprisoned for not more than one year.''

At the conclusion of the evidence plaintiff was given the following instruction:

''The Court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that Old Colony Insurance Company furnished blank insurance forms for policies to Zeno Mangum and authorized the said Zeno Mangum to sign, fill out and deliver said policies, and to collect the premiums thereon, and if you further believe that the insurance policy involved in this case was issued, as aforesaid, then, and under these circumstances, the said Zeno Mangum was the General Agent of the insurance company with the power and authority to waive the provisions of the policy involved in this lawsuit.''

There was no dispute that Mangum had issued the policy, that he had signed it, filled it out and delivered it, and that he collected the premium thereon, so that this instruction based entirely upon the code section quoted above was in effect a peremptory instruction as to the authority of the agent.

After a verdict of the jury finding for Mangum and against Fagan, appellant filed a motion for a judgment notwithstanding the verdict, and in this Court attacks the decisions of Gulf Refining Co. v. Myrick, 220 Miss. 429, 71 So. 2d 217, and Canale, et al. v. Jones, 228 Miss. 317, 87 So. 2d 694. However, we are unwilling at this time to overrule such decisions.

This brings us directly to the question of the authority of the local agent and since the instruction confined it to the statute above copied, necessarily we are required to examine this statute and the decisions thereunder to see whether or not the instruction was justified.

In the case of Travelers' Fire Insurance Co. v. Price, 169 Miss. 531, 152 So. 889, the authority of a soliciting

and collecting agent was questioned as to matters which had been done after the issuance and delivery of the policy. This was a liability policy which had a provision calling for the unconditional ownership of the car, and also providing against the use of the car as a public conveyance for hire. Sometime after the policy had been delivered, the owner of the car transferred it to a cab company to be used as a public conveyance for hire and driven by her husband. While it was being so used, the soliciting and collecting agent approached her husband to collect the premium. He was informed by the husband of the transfer of the automobile to the cab company, and of the fact that it was being used as a public conveyance for hire, and asked the collecting agent if this fact would void the policy. He was told that it would not, and he thereupon paid the balance of the premium. Three or four days after this payment, the automobile was stolen and later found damaged by fire to the extent of $260. This Court, in construing the statute, said:

"So far as the statute goes it is in derogation of the common law. It must not be extended beyond its intent and terms. We think it manifest that it applies alone to what takes place before and up to and including the consummation of the insurance, and after its consummation what takes place in the examination and adjustment of the loss. The phrase 'or do or perform any other act or thing in the making or consummation of any contract of insurance' limits and qualifies what goes before it, and the language further on down, 'or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company,' has reference alone, of course, to the adjustment of the loss. As to all other matters and things, the principles of the common law govern. This construction of the statute reconciles what otherwise appears to be a conflict in some of the decisions of our court."

In Aetna Insurance Co. v. Singleton, 174 Miss. 556, 164 So. 13, there was involved the question as to whether a soliciting agent could extend the time of payment of the annual installment of a note executed for the premiums due on a five-year fire policy which provided that the insurer should not be liable for loss occurring while the insured was in default. It was held that he could not and in the opinion following the *Price* case, the Court said: ''It is therein settled that a soliciting agent, such as the proof shows Huff to be, was without authority after the delivery of the policy.'' This agent was the same person who had written and delivered the policy in question.

In Saucier v. Life & Casualty Ins. Co. of Tennessee, decided en banc November 11, 1940, 189 Miss. 693, 198 So. 625, there was involved a question as to whether under the statute aforesaid one who solicits insurance is such an agent as has authority to waive the prepayment of initial premium in violation of the policy provisions. The Court said he was not authorized to waive such premium unless he was so empowered under the statute aforesaid. After quoting the statute, the Court said:

''The words 'as to all the duties and liabilities imposed by law' ex vi termini refer not to duties and liabilities that grow out of the contract of insurance, such duties and liabilities being determined by the provisions of the contract itself, but to duties and liabilities imposed on insurance companies and their agents by law outside and independent of the provisions of the contract of insurance.''

''The manifest purpose of Section 5196, therefore, is to enable the state to effectually supervise insurance companies and their agents. This Court so held in Cain v. State, 103 Miss. 701, 60 So. 731, 732, the first case in which the statute was considered by this Court, wherein the Court said: 'The statute . . . . . was designed

to protect citizens of the state, as well as insurance companies authorized to do business in the state. . . . . . The object of the statute was to keep wildcat (insurance) companies, or companies not complying with the law, from doing business in the state.' To the same effect, see Wilkinson v. Goza, 165 Miss. 38, 145 So. 91.''

The Court found it necessary to consider certain decisions theretofore made by the Court, and in this connection, the Court said:

''The cases necessary to be here considered are Capital Paint & Glass Co. v. St. Paul Mercury Indemnity Co., 180 Miss. 341, 176 So. 729; Interstate Life & Accident Ins. Co. v. Ruble, 160 Miss. 206, 133 So. 223; Lamar Life Ins. Co. v. Kemp, 154 Miss. 890, 124 So. 62; Mutual Life Ins. Co. v. Vaughan, 125 Miss. 369, 88 So. 11, in each of which this Court held that the effect of the statute is to make all persons who do any of the acts specified therein the general agent of the insurance company affected thereby as to the act performed with the same authority 'that appellee (the insurance company) itself had,' although the company may have conferred on him only special and limited authority relative thereto. . . . . .

''These cases are in conflict with Travelers' Fire Ins. Co. v. Price, 169 Miss. 531, 152 So. 889; American Bankers Ins. Co. v. Lee, 161 Miss. 85, 134 So. 836; and Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445, and seem manifestly to us to have wrongly construed the statute causing it to interfere without perceptible justification therefor with liberty of contract, and are, therefore, mischievous and should be and are overruled. . . . . . . .

''To raise an insurance company's special agent with limited powers, into its general agent when acting for it in the particulars specified in the statute, with authority to then make material changes in a policy of insurance issued by the company, manifestly has no

relation to the end or object for the accomplishment of which this statute was enacted, or to any other imaginable legitimate legislative end.''

In St. Paul Mercury & Indemnity Co. v. Ritchie, 190 Miss. 8, 198 So. 741, it was recognized that the adjuster (on authority of the *Saucier* case) had no authority to extend the liability of the company. The Court held that it was necessary to eliminate the statute under the authority of the *Saucier* case in determining the powers of the adjuster.

In American National Ins. Co. v. Walters, 230 Miss. 616, 93 So. 2d 616, decided in 1957 (opinion by Judge Kyle), the policy had lapsed and the question was whether a mere collecting agent could waive the requirement for medical proof by reinstatement. The Court held he could not and quoted with approval from several cases. It was stated that a general agent ordinarily had authority to waive a ground for avoidance or forfeiture of an insurance policy but it was not shown in this case that the man was a general agent. He was a mere collecting agent, and had no power to modify a contract of insurance, or to waive a forfeiture. In this same opinion, Judge Kyle cited Travelers Fire Ins. Co. v. Price, supra, and with reference thereto said:

''In the case of Travelers' Fire Ins. Co. v. Price, 169 Miss. 531, 152 So. 889, 891, the Court held that a soliciting and collecting agent of an insurance company was without power to modify a contract of insurance or waive the conditions of the policy, and that an alleged waiver of the sole and unconditional ownership and public conveyance for hire clauses in an automobile fire and theft policy by a soliciting and collecting agent without written endorsement on the policy was ineffective, and not binding on the insurer. The Court also held in that case that Section 5196, Code of 1930, Section 5706, Code of 1942, making a soliciting agent the agent of an insurance company, was applicable only to acts of the

agent before and up to and including the consummation of the insurance, and after its consummation to what takes place in the examination and adjustment of a loss, and that as to all other matters and things, the principles of the common law govern. The Court in its opinion in that case said:

" 'It should be borne in mind that the waiver claimed in this case was not through any act or conduct on the part of appellant's general agency, J. H. Johnson & Co., Inc., but through a mere soliciting and collecting agent employed by the latter. The applicable principles of the common law were very fully discussed and laid down in New York Life Ins. Co. v. O'Dom, 100 Miss. 219, 56 So. 379, Ann. Cas. 1914A, 583.' "

The *Saucier* case was also cited with approval when Judge Kyle, in the *Walters* case, said:

"In Saucier v. Life & Casualty Ins. Co. of Tennessee, 1940, 189 Miss. 693, 198 So. 625, 627, the Court again had under consideration Section 5196, Code of 1930, Section 5706, Code of 1942, and the Court said that the manifest purpose of the statute was 'to enable the state to effectually supervise insurance companies and their agents,' and that the words in the statute, 'as to all the duties and liabilities imposed by law,' refer not to duties and liabilities that grow out of the contract of insurance, such duties and liabilities being determined by provisions of the contract itself, but to duties and liabilities imposed on insurance companies and their agents by law outside and independent of the provisions of the contract of insurance."

Judge Kyle also cited the case of St. Paul Mercury & Indemnity Co. v. Ritchie, as follows:

"In St. Paul Mercury & Indemnity Co. v. Ritchie, 190 Miss. 8, 198 So. 741, the Court held that, under the general law of agency, no agent or representative of the indemnity company other than those named in the employer's liability policy had authority to modify or

enlarge the liability of the company under the policy, in the absence of proof of special authorization so to do.''

In Camden Fire Ins. Assn. v. Koch, 216 Miss. 576, 63 So. 2d 103, decided in 1953, in an opinion written by Judge McGehee, one Bond had fire policies issued to her by general agents at Gulfport. She sold the property to Koch. The policies were with the building and loan association with mortgage clause attached. After the sale Koch asked the agents to change the policies to him, since he had bought the property and he thought it had been done. A claim on the policies arose and suit was filed. It was claimed that the agent had agreed to put the endorsement on the policies changing the ownership. There was an issue of fact as to the matter. In his opinion, Judge McGehee quoted Section 5706 of the Code, and then said:

''In other words, the agent who has authority to fill out, sign and deliver an insurance policy in this state, and especially for a foreign insurance company with whom the applicant for insurance has no dealings other than through such agent, has all the powers of a general agent of the company when issuing such policy and may waive any of their provisions.''

In that case it was argued that this authority was not applicable to the particular case because the policies had been theretofore issued and delivered, but Judge McGehee, recognizing this rule of our decisions, stated that Koch in the instant case was in the position of an original applicant for insurance because he had gone to the people and asked them for the insurance and they had the authority to issue and deliver to him a policy, and, therefore, since he was in the position of an original applicant, the policy had not been consummated at the time the agreement was made.

(Hn 1) Of course, the companies have their general agents that are specifically appointed and designated as

general agents and many of the cases in our books involve such agents. However, when the statute aforesaid is sought to establish the authority of somebody not so designated by the company, the same is applicable only to his acts before and up to and including the consummation of the insurance, and after that, what takes place in the examination and adjustment of the loss, and that as to all other matters and things the principles of the common law govern.

(Hn 2) The instruction above quoted is erroneous and should not have been granted. We do not pass upon any issues in the case except the ones herein mentioned. The case is reversed and remanded.

Reversed and remanded.

*McGehee, C. J., and Lee, McElroy and Rodgers, JJ.,* concur.