PACIFIC INSURANCE COMPANY OF N. Y. *v.* LOVERN, et ux.

No. 43699          November 22, 1965          180 So. 2d 291

*Watkins & Eager, H. H. Whitworth,* Jackson, for appellant.

*Laurel G. Weir,* Philadelphia, for appellee.

Lee, C. J.

J. Hubert Lovern and wife, holders of a storm, rain and hail insurance policy in Pacific Insurance Company of New York, on July 28, 1964, filed their bill of com-

plaint against the company to recover the sum of $3,000 for damages, allegedly resulting from such hazard on April 10, 1962.

The defendant company, in its answer, denied that it owed the complainants the sum of $3,000 or any sum whatever. It pleaded that the insured, under the provisions of the policy, were under the duty to give it immediate notice of such loss; and, in compliance with a standard provision thereof, within sixty days after the loss, they were required to render to the company a proof of loss, signed and sworn to by the insured, giving the detailed account thereby required. It also pleaded, in accordance with the provisions of the policy, that, by reason of the stated failure of the insured, they were precluded from recovering under the terms of the policy because such proof was a condition precedent to their right thereto. It further pleaded that, by reason of such failure on the part of the insured to give such timely notice, it was also deprived of its right to arbitration, as provided for under the terms of the policy. There was also the further plea, as provided by the policy, to-wit:

"No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of this Company relating to appraisal or to any examination provided for herein."

The answer of the complainants to the affirmative defenses was to the effect that they reported the damage to Felton Grubbs, agent for and manager of Philadelphia Insurance Agency, on the day following the storm, and inquired whether they should sign any forms therefor; that they were assured that Grubbs would take care of the situation and would send a representative to view the loss promptly; that this agency had written the policy

originally; that Grubbs undertook the adjustment of the loss; that he and the agency were general agents of the insurance company; and that the proof of loss was waived.

The evidence showed that the property, located in the Fork or Henry's Chapel Community, about four miles northwest of Philadelphia, was extensively damaged by the wind and hail between 8:00 and 9:00 o'clock P.M. on April 10, 1962.

Hubert Lovern testified that Grubbs, at the Philadelphia Insurance Agency, originally filled out and issued the policy to him and his wife; that Grubbs was the manager of the office at the time; that the premiums were promptly paid, and the insurance had been in force for about two years; that he was on his way to the insurance office the next morning, met Grubbs on the street, told him about the storm and damage, and asked whether there were any forms for him to fill out; that Grubbs told him "No, don't worry about it. I will take care of it myself, I will send a man out to see about it this afternoon or in the morning." He further said that Grubbs came out to the scene, turned around in his driveway, and went back to town or somewhere in that direction. He further testified that the company made no move to settle with him or have an appraiser to adjust the loss. He estimated the damage at $2,200, and waited so long that he decided nothing was going to be done. For that reason, he cancelled the policy. He admitted that, following his requested cancellation, the Philadelphia Insurance Agency sent him a check for $9.37 as the return premium. Lovern did not claim to have had any further relations with Grubbs, who subsequently died in the early part of 1963, roughly a year after the loss. Actually he made no further inquiry about the insurance until approximately 25 months after the loss, when, on May 5, 1964, he told Miss Virginia Bates, an employee of the agency, that he wanted to make a claim under

the policy which he had previously cancelled. The employee had agreed to find out about the matter, did so, and when he inquired again, she advised him that it had been too long.

Mrs. Molly Clark, the bookkeeper and an employee of the agency, was offered as a witness. She testified that the Philadelphia Insurance Agency was an agency of record for Pacific Insurance Company. It wrote and issued policies, filled in the blanks, collected the premiums, and paid them to the company. When an insured made a claim, the agent would make out a loss report, mail a copy to the company, assign it to an adjuster, and ask him to check it. Grubbs was the general manager of the agency. Two adjusters worked on the losses from this storm for several weeks. According to her recollection, Grubbs had the radio station to make an announcement to their policyholders, if they had had losses, to report them to the agency. When a claim was made, she would fill out a form, send it to the company, and contact an adjuster. She said that, when Lovern came in the office during the early part of May 1964, she had heard him tell Miss Virginia Bates that he wanted to check and see if he had a policy that was in force at the time of the hail storm; that he had sustained damages; and that he did not know whether he had an insurance policy or not. He explained that a Mr. McGraw in Louisville told him that he had coverage under the policy which he had cancelled, but that he did not know whether this was correct.

For the defendant, Jack Gallagher of Jackson, General Agent for Pacific Insurance Company, testified that Felton Grubbs was a local agent of the company; and that he was licensed as such and was not a general agent. The first notice that the Jackson office received about this loss was a letter from the Philadelphia agency of May 5, 1964, in which it was stated that the insured was saying that he did not know whether he had coverage or not.

Miss Virginia Bates, who had been working for the agency since August 1, 1956, testified that Lovern came in the office about May 5, 1964, to see if he had insurance through that office when the hail and wind storm of April 10, 1962 occurred. He told her that he had sustained damage; that he had repaired it himself; that he did not know that he had insurance to cover; and that he just found out that it would have been paid. She explained that she would submit the matter to the company; but then ascertained that no claim whatever had been filed. On cross examination, she said that they were not called general agents. In case of a storm loss, the policy-holder would submit notice to them. They would make out a loss report, send it to the company, and let an adjuster handle it.

At the close of the evidence, the chancellor rendered a written opinion in which he held, in effect, that Felton Grubbs and the Philadelphia Insurance Agency examined into, adjusted and aided in adjusting the loss of the appellees; that these two agents had authority to waive the provisions of the policy requiring the insured to submit a sworn proof of loss; and that the appellees could recover their loss without complying with an express provision of the policy which required proof of loss. He awarded judgment in the sum of $2,000; and, from that decree, the insurance company appealed.

The appellant contends that the learned chancellor was manifestly wrong in so holding and that the cause should be reversed and dismissed.

Under the terms of the policy, the appellees were required to give notice properly upon the occurrence of the loss. In addition, as a condition precedent to their right to recover, it was mandatory that they render to the insurance company, within 60 days after the loss, a proof of loss, signed and sworn to by them, giving the detailed information called for therein.

After Lovern, according to his version, reported the loss to Grubbs, as heretofore set out, nothing happened in the nature of a settlement. He filed no written notice with the company at any time. Admittedly he made no further inquiry about the matter until approximately a year after Grubbs' death, and about 25 months after the occurrence of the loss. Actually the appellees had cancelled the policy a short time after the occurrence of the storm, received a check for the unearned premium, and made no further claim until approximately May 5, 1964, when, after being told by someone that his policy likely covered the loss, Lovern made inquiry of one of the employees of the agency.

The policy in question had been in effect for nearly two years before the storm. The provisions, mentioned above and pleaded by the appellant, had thus been in existence throughout the life of the policy.

The evidence showed that Grubbs and the Philadelphia Insurance Agency were mere licensed soliciting agents. When notice of a loss was reported to them, they gave notice to the company and referred the matter to an adjuster. They were not general agents of the company.

In the case of Old Colony Insurance Co. v. Fagan Chevrolet Co., Inc., 246 Miss. 725, 738-39, 150 So. 2d 172, 178 (1963), it was necessary for the Court to construe the effect of Mississippi Code Annotated sec. 5706 (1956), insofar as the same relates to the authority of a soliciting insurance agent. There the opinion, after the citation of many authorities, said:

"Of course, the companies have their general agents that are specifically appointed and designated as general agents and many of the cases in our books involve such agents. However, *when the statute aforesaid (sec. 5706) is sought to establish the authority of somebody not so designated by the company, the same is applicable only to his acts before and up to*

*and including the consummation of the insurance, and
after that, what takes place in the examination and
adjustment of the loss, and that as to all other matters
and things the principles of the common law govern.*"
(Emphasis supplied).

To the same effect was the case of Canal Insurance
Co. v. Bush & King Trucking Co., 247 Miss. 87, 102,
154 So. 2d 111, 117-118 (1963), where the opinion con-
ceded the correctness of the construction of section 5706,
as shown in the Old Colony Insurance Company case,
*supra.*

Manifestly, the local agents, in the present appeal,
had no authority to waive the filing of the sworn report
of the loss as provided for and required in the policy.

Since Lovern testified that he reported the loss to
Grubbs, apparently the chancellor considered the evi-
dence sufficient for him to find that Lovern did report
the loss. But this Court has repeatedly held that where
a proof of loss is required as a condition precedent to
recovery on an insurance policy, and there is no waiver,
the court will enforce the condition as written. Coahoma
County Bank & Trust Co. v. Feinberg, 241 Miss. 381,
128 So. 2d 562 (1961), and the many cases there cited.

Appellees seized on the case of Napp v. Liberty Na-
tional Life Insurance Co., 248 Miss. 320, 159 So. 2d 164
(1963), cited by appellant, and contend that Grubbs did
more than he had authority to do just as Henry, as
the agent in the Napp case, did more than he had au-
thority to do. However, the appellees mistake what the
Court held in that case. In the Napp case, the company,
instead of mailing the $2,000 check to Mrs. Napp, gave
it to Henry with instructions to deliver it to her and
secure a full release for the company. In that instance,
Henry, according to the opinion, was aiding in the ad-
justment of the loss, that is, helping to settle, as instruct-
ed by his employer. For that reason, the opinion held
that Henry was an agent of the company both under

Code section 5706 and under the common law, and, consequently, the company was bound by the act.

It is regrettable that these appellees failed to comply with the condition precedent to their right of recovery. The Court is powerless to award them any relief whatever.

From which it follows that this cause must be reversed and dismissed.

Reversed and judgment rendered here for the appellant.

*Rodgers, Jones, Inzer, and Smith, JJ.,* concur.