**PRASSEL ENTERPRISES, INC.,**
**Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 25628.**

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1968.

Rehearing En Banc Denied
Jan. 24, 1969.

Thomas G. Lilly, William O. Carter, Jr., Jackson, Miss., for appellant; Wise, Carter & Child, Jackson, Miss., of counsel.

Natie P. Caraway, Jackson, Miss., for appellee; Lipscomb, Barksdale, Steen & Caraway, Jackson, Miss., of counsel.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

EDWIN F. HUNTER, Jr., District Judge:

This suit was commenced in the United States District Court for the Southern District of Mississippi, Jackson Division, by Prassel Enterprises, Inc. as Plaintiff, against Allstate Insurance Company as Defendant. The action is to recover from the Defendant, the insurer, the amount which the Plaintiff, an insured under the policy, was required to pay in satisfaction of a default judgment against it obtained by a third party in state court for damages from an automobile collision.

Jurisdiction is based on diversity of citizenship. The ultimate dispute here is whether plaintiff breached the following provision referred to herein as Condition No. 2 of the policy:

"If claim is made or suit brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative."

At the conclusion of the plaintiff's evidence, the District Court, concluding that the evidence presented was inadequate to present a jury question, sustained defendant's motion for a directed verdict. Plaintiff appeals, contending that its right to a jury determination of a disputed fact issue, secured by the Seventh Amendment to the Constitution of the United States, has been abridged by the trial judge's ruling.

In our Circuit the sufficiency of evidence for jury submission is measured by federal standards even in diversity cases. Cater v. Gordon Transport, Inc., 5 Cir. 1968, 390 F.2d 44; Planters Manuf. Co. v. Protection Mut. Ins. Co., 5 Cir. 1967, 380 F.2d 869, 871, cert. den., 389 U.S. 930, 88 S.Ct. 293, 19 L.Ed.2d 282; Revlon Inc. v. Buchanan, 5 Cir. 1959, 271 F.2d 795, 800, 81 A.L.R. 2d 222. The controlling principle of federal law is that if the evidence is of such a character that reasonable men, exercising impartial judgment, may differ in their conclusion, then the case should be submitted to the jury. Cater v. Gordon Transport, Inc., 5 Cir. 1968, 390 F.2d 44; Helene Curtis Industries, Inc. and Cosmair, Inc. v. Pruitt, 385 F.2d 841 (5 Cir. 1967); Fidelity and Casualty Company of New York v. Funel, 383 F.2d 42 (5 Cir. 1967); McPherson v. Tamiami Trail Tours, Inc., 383 F.2d 527 (5 Cir. 1967); Herron v. Maryland Casualty Company, 347 F.2d 357 (5 Cir. 1965); Turner v. Atlantic Coast Line R. R., 292 F.2d 586 (5 Cir. 1961).

We turn now to an examination of the facts:

Prassel Enterprises, Inc., is one of four corporations owned by Mr. Allen Prassel of Jackson, Mississippi, which corporations are utilized in the business of buying, selling, and transporting lumber.

For many years Mr. Prassel's business interests have been insured through the

general insurance agency of Ross and Yerger, Inc., of Jackson, Mississippi. In about 1961, that agency obtained a public liability policy from Allstate Insurance Company and renewal Policy No. 5201085 was issued effective December 18, 1964, to December 18, 1965.

On September 20, 1965, Melvin Johnson was involved in an automobile accident with Paul Sanderford, an employee of Prassel's. Sanderford was operating a tractor-trailer unit owned by Prassel and covered by the policy. Sanderford was operating the unit with the permission of Prassel and was an additional insured under the policy. On September 30, 1965, Allstate received notice and began to investigate in the usual manner. John S. Holmes, an attorney from Yazoo City, Mississippi, wrote to Prassel advising that Melvin Johnson had assigned to him an undivided interest in any claim against Prassel by virtue of the accident, and requested that the insurance adjuster contact him at the earliest possible date. This letter was promptly mailed to Ross and Yerger, Inc., who forwarded it to Allstate. About three weeks later, an adjuster for Allstate telephoned Mr. A. R. Kemp, Traffic Manager for Prassel, made an appointment and discussed the matter with Mr. Kemp and Mr. Sanderford, the driver.

On January 6, 1966, Melvin Johnson filed suit in the Circuit Court of Yazoo County, Mississippi, against Prassel and Sanderford, seeking damages in the amount of $50,000. On January 8, 1966, the Sheriff of Rankin County, Mississippi, delivered a summons to Paul Sanderford's mother. Prassel testified that neither he nor any representative of his company was served with process. However, the Hinds County Deputy Sheriff showed a return on summons that the process was personally served on Prassel. The final judgment, dated February 21, 1966, against Prassel, recites that personal service was had on Prassel more than five days prior to the return date of the term of court. On February 9, 1966, an interlocutory judgment by default was entered against Prassel Enterprises, Inc. Due to the defective process on Paul Sanderford, a default judgment was not entered against him. On February 17, 1966, a Mr. Nobles wrote a letter to Prassel advising him (Prassel) of the fact that his company was subrogated for the workmen's compensation payments it had made to Melvin Johnson. This letter did not state that any action had been filed or was pending, and was nothing more than a form letter placing a third party on notice of a subrogation claim for workmen's compensation benefits paid. Upon receipt by Prassel, the original of this letter was promptly mailed to Ross and Yerger, Inc., who forwarded the same to Allstate, who received it on February 24, 1966. With regard to the Sanderford summons, Sanderford told Kemp about the summons which had been served. Kemp telephoned Wirt Yerger, Jr., of Ross and Yerger Insurance Agency, and advised him of the suit. Mr. Kemp had the summons mailed either to Ross and Yerger or to Allstate by directing Mrs. Slay, an employee of Prassel's to mail it to one or the other. Kemp did not call Allstate after he called Yerger and advised him of the filing of the suit in Yazoo County. Mr. Kemp was not in a position to testify that he personally mailed the summons to Allstate. Mrs. Slay had no memory concerning the summons or the mailing of the summons, and testified that, if it were mailed, she did not know whether it was mailed to Ross and Yerger or to Allstate. Mrs. Owens, another employee of Prassel's, who had the duties of taking the mail to the Post Office was unable to testify that she mailed any mail relative to any summons.

On February 21, 1966, the interlocutory judgment against Prassel was reduced to a final judgment in the amount of $16,324.98. On April 7, 1966, it was ascertained for the first time by both Prassel and Allstate that a default judgment had been obtained in Yazoo County. A motion to vacate the default judgment was subsequently made, and the case was ultimately settled by Prassel for

$11,824.98. Prassel thereafter instituted this action for the $11,824.98 paid to satisfy the default judgment.

■■ Appellant, in seeking reversal, argues as a matter of law that the Sanderford summons was not a demand, notice, summons, or process of a claim or suit, and therefore was not required by the condition of the policy to be forwarded to Allstate.[1] Prassel Enterprises, Inc., and its driver, Sanderford, were both joined as defendants in the action in the Yazoo County Circuit Court, with the appellant being charged with vicarious liability, as its driver's acts were in the scope of his employment with appellant. Under these circumstances, Sanderford was an insured within the terms of the policy in question. Moreover, it is apparent that the terms of the policy required Prassel to furnish Allstate with the summons served not only on it but also on its representative, Sanderford. Apppellant contends that the receipt of the accident report and the letter from Attorney Holmes constituted substantial compliance with the process-forwarding requirement of the policy. This argument is in direct conflict with Mississippi law as enunciated in Courtney v. Stapp and Allstate Insurance Company, 232 Miss. 752, 100 So.2d 606 (1958). There, the insurance company received notice of the accident and knew claimant was represented by counsel. There, the insured had numerous telephone conversations with the adjuster concerning the accident. But there, as here, the insured never forwarded the summons or told the company that a suit had actually been filed. The Mississippi Supreme Court held in no uncertain terms that under those circumstances there was neither strict compliance, substantial compliance, nor an attempt to comply, with the provisions concerning notice of suit.

■ It seems to us that appellant's most potent argument is that the jury might have found from the evidence that the Sanderford summons had been mailed to Allstate. Prassel sought a jury verdict on that issue and cites as error the adverse directed verdict in connection therewith. Was there a complete absence of probative facts to support appellant's position? A very careful examination of the entire record, reveals no evidentiary basis for submitting this issue. The evidence reveals that Mr. Kemp handed the summons to his Secretary, Mrs. Slay, and told her to mail it to "either Allstate or Wirt Yerger." Mrs. Slay testified that she always followed Mr. Kemp's instructions in mailing items, but that she had no recollection whatsoever concerning to whom she mailed this specific summons. She first knew of the suit on April 7, 1966. Mr. Hawes of Allstate testified that Allstate did not receive the summons. This is the sum and substance of the evidence relating to the mailing of the Sanderford summons. This testimony of Mr. Kemp concerning his directions to Mrs. Slay to mail the summons to "either Allstate or Wirt Yerger" constitutes no evidence whatsoever insofar as being direct, positive proof that the summons was mailed to Allstate. Even assuming that Mrs. Slay did place the summons in the envelop and mail the envelop, the evidence still is to the effect that Allstate did not receive the summons, so the inference is that if the summons was mailed, it was mailed to Ross and Yerger. No one from Ross and Yerger was called to testify.

■ The final argument asserted with great vigor by appellant is that Ross and Yerger was the agent of Allstate, and that notice to it constituted compliance with Condition 2 of the policy. In Old Colony Insurance Company v. Fagan Chevrolet Co., Inc., 246 Miss. 725, 150

1. Appellant freely admits that no summons served on it was ever transmitted to Allstate, as it contends that the summons was never served on it. The question of whether or not Prassel was in fact served is not the subject matter of the action here, but was the subject matter of the action in the Yazoo County Circuit Court.

**620**

So.2d 172, 178 (1963), the Mississippi law, insofar as it relates to the authority of soliciting agents, was enunciated in precise terms by the Supreme Court of that state:

"Of course, the companies have their general agents that are specifically appointed and designated as general agents and many of the cases in our books involve such agents. *However, when the statute aforesaid (sec. 5706) is sought to establish the authority of somebody not so designated by the company, the same is applicable only to his acts before and up to and including the consummation of the insurance, and after that, what takes place in the examination and adjustment of the loss, and that as to all other matters and things the principles of the common law govern.*" (Emphasis supplied)

The identical approach appears in the cases of Canal Insurance Company v. Bush and King Trucking Company, 247 Miss. 87, 154 So.2d 111 (1963) and Pacific Insurance Co. of N. Y. v. Lovern, 253 Miss. 804, 180 So.2d 290.

The policy which is the subject matter of this suit contained a clause "18" which reads:

"18 CHANGES.

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy."

Manifestly, Ross and Yerger has no authority to waive any provision of the policy or to receive the summons on behalf of appellee. There was neither strict nor substantial compliance with the notice provisions of the policy and appellee knew nothing of the pendency of the suit until it was too late. There was no evidentiary basis for submitting the case to the jury. The district judge correctly directed a verdict. This judgment should be affirmed. It is.

## ON PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.