PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. CUNNINGHAM et al.

No. 6588.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1933.

Rehearing Denied Aug. 16, 1933.

Charles Cook Howell and J. L. Doggett, both of Jacksonville, Fla., for appellant.

Robert A. Baker, W. H. Baker, and Martin Sack, all of Jacksonville, Fla., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from a decree dismissing a suit in equity brought by the appellant for the cancellation of three life insurance policies issued by it to the appellee in pursuance of a written application made by the latter. The appellee's answers to questions asked by the appellant's medical examiner by the terms of that application formed a part of it, and were stated to be made by the applicant to obtain the insurance applied for, and to be complete, true, and correct; the applicant stating, "and I understand that the Company, believing them to be true, will rely and act on them." One of those questions was the following: "7—What injuries or illnesses or treatments by/or consultation with physicians or practitioners have you had during the last seven (7) years? Give particulars each illness, injury, consultation or treatment." The appellee's answer to that question was, "None." The right to the relief sought was based on allegations to the effect that the appellee's answer to that question was materially and essentially untrue, in that appellee, for a long period of time immediately prior to making said application, had suffered from an illness of the throat, and for such illness had been treated many times by X-ray treatments.

It appeared from the evidence that at intervals during a period of about ten years immediately preceding the date of the application the appellee, who is a physician and a specialist in X-ray work, had trouble with his tonsils, for the relief of which he had X-ray treatments administered under his own direction by a female assistant in his office who was not a practicing physician and was not a mere nurse. Testimony of the appellee showed that throughout the period referred to in the question he had had frequent trouble with his right tonsil, due to it being swollen, and that at such times his throat was very sore. Prior to the issue of the policies the appellant was not informed as to the appellee having had any tonsil trouble. Upon being informed of that fact appellant tendered to the appellee the amount of the premium which had been paid on each of the policies, with interest on these amounts.

The above set out question called for the furnishing by the appellee of data on the basis of which the appellant would act in granting or denying the application for insurance. A substantial misstatement in the answer to the question made the policies voidable at the instance of the appellant. Stipcich v. Insurance Co., 277 U. S. 311, 316, 48 S. Ct. 512, 72 L. Ed. 895; Phoenix Mut. Life Ins. Co. v. Raddin, 120 U. S. 183, 189, 7 S. Ct. 500, 30 L. Ed. 644. It was contended that the answer was false in so far as it referred to treatments by physicians and to illnesses of the appellee. While it seems that from the standpoint of an insurer it is desirable to be informed of treatments for curative or remedial purposes received by an applicant for life insurance who is a physician, whether administered by himself or another physician, it is not clear that the part of the above set out question which referred to "treatments by/or consultations with physicians or practitioners" required a disclosure of a treatment or treatments administered to such applicant by his office assistant under his own direction; the quoted part of the question not plainly referring to anything the applicant may have done for his own relief. Atlantic Life Ins. Co. v. Stringer (C. C. A.) 28 F.(2d) 665. The preceding part of the application containing the above set out question contained questions as to the applicant ever having had or been treated for named diseases or symptoms. The above set out question called for a statement of the particulars of each illness, other than such as had been specifically asked about, which the applicant may have had "during last seven years." The word "illnesses" covered conditions of bodily disorder of a character less serious than a disease. Connecticut Mutual Life Ins. Co. v. Union Trust Co., 112 U. S. 250, 259, 5 S. Ct. 119, 28 L. Ed. 708. A question as to illnesses addressed to an applicant for life insurance is to be understood to refer to substantial or appreciable disorders, not to indispositions so slight and temporary as to be speedily forgotten. Phoenix Mut. Life Ins. Co. v. Raddin, supra; Moulor v. Ins. Co., 111 U. S. 469, 4 S. Ct. 466, 28 L. Ed. 447; Hubbard v. Mutual Reserve Fund Life Ass'n (C. C. A.) 100 F. 719. A swollen condition of a tonsil which had continued to recur frequently throughout a period of seven years, the condition resulting in the throat being very sore, cannot reasonably be considered to be a temporary or trivial indisposition. The length of time during which the stated condition continued to recur was enough to put a prospective insurer, having notice of it, on inquiry as to the nature of it being or not being such as materially to affect the risk to be incurred by granting an application for insurance. The evidence did not warrant a finding that a reasonably prudent insurer's

action on the application would not have been influenced by a knowledge of the existence of the persistent tonsil trouble disclosed by the testimony. The long-continued repetition of the attacks and the circumstance that an unsound condition causing them apparently continued to exist at the time the question was answered are facts furnishing support for the conclusion that the appellee realized that, within the meaning of the question, he had a substantial illness during the time mentioned. The inquiry as to illnesses being understood to refer to substantial bodily disorders of the appellee during the period mentioned, the stated tonsil condition is to be considered an illness within the meaning of the above set out question. In the circumstances attending the propounding of that question the language of it plainly imported an intention to elicit information as to the existence of any such bodily disorder as the one which was disclosed by the appellee's testimony, to the end that the insurer, by being apprized of such a disorder, be afforded the opportunity of investigation and of advisably determining whether the nature of the disorder is or is not such as to make the insurance applied for an unacceptable risk. We are of opinion that the evidence showed that the answer to the question was substantially false. So far as we are advised no statute affects the right of the appellant to a cancellation of the policies because of a substantial misstatement in the application in pursuance of which they were issued. We conclude that the court erred in denying that relief. The decree is reversed, and the cause is remanded, with direction that the trial court enter a decree canceling the above-mentioned policies.

Reversed.