ELIZABETH SPITZKOPF, PLAINTIFF-APPELLANT, v. ED-
WARD T. MITCHELL, DEFENDANT-RESPONDENT.

Submitted October 12, 1934—Decided January 18, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the appellant, *Theodore J. Labrecque* and *John J. Quinn.*

For the respondent, *J. Victor Carton.*

The opinion of the court was delivered by

PARKER, J.   The appeal is from a judgment of nonsuit.
The defendant-respondent was operating an indoor swim-
ming pool and the plaintiff and her intended husband bought
tickets entitling them to the privileges of the pool, and after
donning their bathing clothes, entered the water and while
they were swimming around in the pool some person, appar-
ently not named in the case, who was diving from what was
called the high diving board, executed a dive in such manner
that instead of going straight forward from the end of the
diving board, he went in a diagonal direction and struck the
plaintiff in the head, inflicting serious damage from which
she suffered for some time.

The suit is not against the diver, but against the proprietor
of the pool, apparently on the theory that he was negligent,

either personally or through his servants, for failure to employ servants and properly supervise them, in seeing to it that no such accident as that shown by the evidence should occur. The trial judge in awarding a nonsuit said that he could not conceive of any possible precaution that the defendant below could have taken whereby he could properly control the actions of any one after he got on the spring board. We think that this was a correct disposition of the matter. It seems clear that everyone knew the diving board was in use, or likely to be in use, and, indeed, the plaintiff, herself, testified that she was watching out generally for divers off the high board. There was no evidence in the case to indicate that any diagonal diving had ever previously taken place or that it was a normal thing to do. If it had been shown to be a frequent occurrence and that the defendant knew or should have known that fact and the danger involved, it might be that he would be charged with the duty of care to provide against it as, for example, in *Alcott* v. *Public Service Corp.,* 78 *N. J. L.* 482; and particularly in *Connolly* v. *Palisades, &c., Co.,* 11 *N. J. Mis. R.* 841, *affirmed,* 112 *N. J. L.* 502, but nothing of this kind was in the case before us, and we have merely the totally unexpected vagary of a fellow patron of the pool who succeeded in injurying another patron thereby.

The judgment will be affirmed.