BECKER, for Use and Benefit of BECKER, v. MATTEL.

No. 16144.

Court of Appeal of Louisiana. Orleans.
Feb. 10, 1936.

Robt. A. Ainsworth, Jr., of New Orleans, for appellant.

Montgomery & Kehl and Jas. J. Landry, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit brought by Frank Becker for $2,950 as damages on account of physical injuries sustained by his minor son, Jessy Becker, as the result of an automobile accident said to be due to the negligence of the defendant, William Mattel. During the progress of the litigation Jessy Becker was emancipated, and, by agreement of counsel, was substituted as party plaintiff.

There was judgment below in favor of the defendant, William Mattel, and plaintiff has appealed.

On January 31, 1933, at about 10:45 p. m., Jessy Becker drove his model T Ford into a filling station on the corner of Washington avenue and Baronne street and purchased some gasoline. When he attempted to drive off, he discovered that the Ford would not start. In order to get the car out of the way, Becker, assisted by three young men who were with him, pushed it out of the station and parked it on the right-hand side of the roadway of Washington avenue. One of the wheels of the Ford was jacked up and the boys took turns in attempting to crank the car. Jessy Becker, after doing his share of the cranking, left the front of the Ford, where the crank is situated, walked around to the side, and was standing alongside the rear door with the intention of getting into the car to rest when he was struck by the Moon sedan driven by the defendant. He was knocked down and sustained certain injuries, which were treated at the Charity Hospital.

Defendant contends that Becker was not standing still when hit, and that he ran into the side of his Moon sedan as it passed the Ford, but the evidence sustains plaintiff's view to the effect that he was standing alongside the rear door. The testimony is conflicting as to whether the lights of the Ford were burning. There is also considerable discussion of the prevailing weather, some witnesses testifying that it was raining hard at the time and others that it was only misting. It is unnecessary to determine whether it was raining or not, or whether the lights of the Ford were burning, because we believe there was fairly good visibility, there being a lighted street lamp at the corner and nothing to interfere with a driver's view of the road. Defendant admits having seen the parked Ford when twenty feet distant. His wife, who was in the car with him, stated that she saw it at a greater distance.

The explanation of the accident given by defendant is that as he approached the parked Ford the headlights of an automobile coming from the opposite direction somewhat obscured his vision and that he drove between the on-coming automobile and Ford within six or eight inches of the Ford when young Becker ran into the side of his car.

As we have said, the evidence does not sustain defendant's version, and we find that Becker was standing alongside the rear door of the Ford when struck. He and his companions claim that the Ford was struck just before Becker was injured. This is denied by defendant and his witnesses, but is unimportant. Mattel was driving at the rate of about twenty miles an hour, a speed which, though moderate enough under ordinary conditions, was excessive if the rain or the headlights of the other automobile interfered with his vision, as he claims. Having seen the Ford and the boys standing about it (there was one boy in the driver's seat and the other three standing outside the Ford), he should have so regulated the speed of his automobile so as to avoid injuring them. He testified that the boys appeared indistinctly as figures in the dark, and, if so, there was all the more reason for caution. On the other hand, if, as we believe the evidence indicates, there was no difficulty in seeing the parked Ford or the boys, by keeping a proper lookout, there was no excuse for driving within six or eight inches of the Ford whether its lights were burning or not, because the headlights of defendant's automobile were sufficient to illumine the surroundings. The presumption is that when a motorist collides with a stationary automobile or other object he is guilty of negligence. Waters v. Meriwether Transfer Co. (2d Cir.) 18 La.App. 18, 137 So. 578, 579; O'Rourke v. McConaughey (La.App.) 157 So. 598; Holcomb v. Perry, 19 La.App. 11, 138 So. 692; Safety Tire Service, Inc., v. Murov, 19 La.App. 663, 140 So. 879. We find the defendant guilty of negligence, which involves liability for the result of the accident.

Plaintiff's injuries consisted of lacerations of the scalp, brush burns on his right hip and leg. He was treated at the Charity Hospital beginning February 1st, and discharged on the 22d. His left knee was injured and placed in a plaster cast for a period of three weeks. He was laid up for about six weeks, during which time he lost

476

his wages of $5 a week. We will allow $500 for pain and suffering and $30 for loss of wages.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Jessy Becker, and against the defendant, William Mattel, in the sum of $530, with legal interest.thereon from judicial demand until paid.

Reversed.