Robert W. HERRON, Appellant,

v.

MARYLAND CASUALTY COMPANY,
Appellee.

No. 21269.

United States Court of Appeals
Fifth Circuit.

June 8, 1965.

Roy Maughan, Maughan & Bankston, Baton Rouge, La., for appellant.

John S. White, Jr., Kennon, White & Odom, Baton Rouge, La., for appellee.

Before RIVES and WISDOM, Circuit Judges, and MORGAN, District Judge.

PER CURIAM.

The plaintiff below appeals from the district court's granting of the defendant's motion for a directed verdict under Rule 50 of the Federal Rules of Civil Procedure.

The plaintiff alleged in his complaint that he was seriously injured on November 20, 1961, when an employee of R. H. Harris Construction Company drove a truck into the front end of a caterpillar tractor, which the plaintiff was operating, which jarred the tractor and caused a large clod of earth to fall upon him from the front-end loader of the tractor.[1] At the close of the plaintiff's case, the

---

1. The plaintiff also alleged that his injuries resulted through the negligent design or manufacture of the caterpillar tractor or its appurtenances. However, the jury returned a verdict for the defendant, Aetna Casualty and Surety Company, and against the plaintiff on this claim.

district court granted the defendant's motion for a directed verdict.

■ The trial judge may grant a directed verdict only when there is no evidence which, if believed, would authorize a verdict against the movant. The trial judge must draw against the movant all reasonable inferences most favorable to the party opposing the motion. A corollary to this controlling principle is that the case should be submitted to the jury if the evidence is of such a character that reasonable men in an impartial exercise of their judgment may reach different conclusions.[2]

Drawing all reasonable inferences most favorable to the plaintiff, the following facts are established. From eleven until four-thirty o'clock on the day he was injured, the plaintiff was in the process of loading trucks with wet earth. The operation required the plaintiff to drive the caterpillar tractor into a pile of wet earth in order to fill a large bucket on the front of the tractor, raise the bucket and swing around and dump the wet earth into trucks which would pull under the upraised bucket. The loading operation occurred on an incline. The position of the caterpillar when the plaintiff dumped the earth into the trucks was down the incline from the trucks. The trucks pulled off the street to be loaded. The routine for loading the trucks, as described by the plaintiff, was that "I would go in [to the pile of earth] to get a load and I'd hit the hoist and shift it and then I am coming out, fighting the brake pedals, coming around and loading it on the truck." As the plaintiff proceeded towards the street to meet the truck, he gradually lifted this bucket of earth. At the occa-

sion of the accident, the plaintiff had moved over to the place where he met the trucks and stopped at full hoist "and the truck was coming under, and when he was coming under, that is the last thing that I remember." The plaintiff sustained serious injuries when a large clod of wet earth fell on him from the full, upraised bucket. The force of the blow rendered him unconscious. When he regained consciousness, he saw that the arm of the end loader was "sitting down on the truck" and that one of the planks which had been placed around the truck's bed, to increase the load capacity, had been broken by contact with the arm of the end loader. In answer to the question of whether he thought the truck had hit the front of the caterpillar, the plaintiff answered that "I wouldn't say for sure or nothing, but I do believe from the depth of my heart, Roy, that the truck did hit the end loader; but I wouldn't go to oath with it."

■ We agree with the district court that the plaintiff has failed to prove that the truck driver negligently struck the caterpillar. In Louisiana, as elsewhere, the mere occurrence of an accident does not give rise to a presumption of negligence.[3] In an action in tort in Louisiana the plaintiff has the burden to prove negligence as an affirmative fact.[4] The mere statement of plaintiff's belief does not support a reasonable inference that the truck struck the tractor. Certainly the plaintiff has not supplied facts which show that the truck driver negligently struck the tractor.

The judgment is therefore

Affirmed.

2. Turner v. Atlantic Coast Line R. R., 5 Cir. 1961, 292 F.2d 586, 587.

3. Minton v. Continental Ins. Co., La.Ct. App.1959, 110 So.2d 789, 797.

4. Sumrall v. Aetna Cas. & Sur. Co., La. Ct.App. 1960, 124 So.2d 168, 174. It does not appear that evidence of the driver's negligence may be supplied by the doctrine of res ipsa loquitur since the accident might have happened as the result of one of two causes: the plaintiff was on an incline and his tractor "rared back a little." See Minton v. Continental Ins. Co., La.Ct.App.1959, 110 So.2d 789, 792, 796.