CHASEZ, Judge.
This is an appeal from a judgment of the Civil District Court for the Parish of Orleans in favor of plaintiff, Superior Industries, Inc., and against defendant, T. Smith & Son, Inc. in the full sum of $401.60 property damage.
The claim arises out of a collision between defendant’s vehicle, a tractor and low-bed trailer, and plaintiff’s vehicle, a small pickup truck.
The defendant vehicle was travelling upriver along Tchoupitoulas St; the.plaintiff vehicle was stopped in the driveway of the premises at 2311 Tchoupitoulas St. In passing, the extreme right rear of the defendant vehicle came in contact with the left rear of the plaintiff vehicle, causing the damage sued for here.
The accident occurred about 5 P.M. in the afternoon. It was daylight and traffic was fairly heavy.
The appeal presents questions of fact only. Defendant-appellant contends that its driver was not negligent, and that there was insufficient evidence to warrant a finding that he was.
When a moving vehicle strikes a parked vehicle there is justification for an inference of negligence on the part of the operator of the moving vehicle.
The record warrants the conclusion that while the plaintiff vehicle was not entirely in the driveway, no part of it was in the street beyond the parking lane, interfering with the travelled portion of the roadway. Mr. Leon J. Greff, President of the plaintiff Corporation and also the man who was driving the plaintiff’s truck testified that the part of his truck that was in the parking lane of the street was within the width of a two-ton stake body truck that was parked immediately to the right of his vehicle, that at the moment of impact he was in his truck, on the right side thereof, and preparing to slide over to the driver’s side under the steering wheel. He testified unequivocally that the vehicle did not roll back. He was corroborated by the testimony of Mr. Hiers, President of the Corporation whose business offices are located at the premises in whose driveway the truck was parked. Mr. Hiers testified that he did not see the truck roll back, and, *540 while he was looking at the door of his premises, which he was engaged in opening to permit the entrance of plaintiff’s truck at the moment of impact and did not actually see the accident, he did see the truck before and after the collision, and stated that the plaintiff’s truck was no farther down the driveway then than it had been before the collision.
Even the testimony of Officer Dillon, the investigating officer, who was called as a witness for defendant, supports the conclusion that while the truck was protruding into the street, it did not protrude beyond the parking lane and did not infringe upon the travelled portion thereof. The Officer’s testimony to the effect that Mr. Greff told him, shortly after the accident, that his truck had rolled back, is extremely indefinite, and nothing concerning such a circumstance was entered into his written report of the incident.
Wilson Fleming, driver of the defendant vehicle, did not see the actual impact and it is only conjecture on his part, a perfectly natural attempt to find some cause other than fault on his own part, for the occurrence of the accident.
The contention of defendant-appellant that plaintiff was guilty of contributory negligence is pitched upon certain provisions of the Code of the City of New Orleans governing parking on city streets. It is the opinion of this Court that there has been no violation by plaintiff of the ordinances pointed to.
The Code of the City of New Orleans in Section 38-13 defines “Park or parking” as:
“The standing of a vehicle, whether occupied or not, otherwise than temporarily, for the purpose of and while actually in loading or unloading.” (Emphasis supplied.)
Section 38-165 (13) provides:
“No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in accordance with law or the directions of a police officer or traffic control device, at any of the following places:
******
(16) Upon the travelled portion of any roadway except to yield to other traffic or as directed by a signal or sign, or as-directed by a police officer.” (Emphasis-supplied.)
It is clear from the record that plaintiffs vehicle was stopped only temporarily, and in preparation for unloading. Nor, as-a matter of fact, does it appear that any part of plaintiff’s vehicle was in any trav-elled portion of the roadway. Our finding that there has not in fact been a violation of the ordinances cited obviates the necessity for any further discussion of this point.
As mentioned earlier in this opinion, these are factual determinations which were resolved by the trial judge in favor of the plaintiff, and, we think, correctly so. Thus, the judgment of that Court is affirmed.
Affirmed.