Charles **CATER** and Gulf American Fire and Casualty Company, Appellants,

v.

**GORDON TRANSPORT, INC.**, et al., Appellees.

No. 24564.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1968.

Robert G. Hebert, James L. Selman, II, New Orleans, La., Warren C. Fortson, New Orleans, La., Warren Hunt, Rayville, La., Johnny X. Allemand, Thibodaux, La., Kierr & Gainsburgh, Jones, Walker,

Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for appellants.

Roger M. Fritchie, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, La., for defendants-appellees, Gordon Transport, Inc. and The Insurance Company of North America.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from an order and judgment granting a motion for a directed verdict for the defendants below, Gordon Transport, Inc. (Gordon) and its insurer, The Insurance Company of North America (INA). The plaintiff-appellant, Charles Cater (Cater) filed a complaint in negligence in the United States District Court for the Eastern District of Louisiana arising out of alleged personal injuries incurred while he was painting the underside of an overpass of Interstate Highway I–10. Gulf American Fire and Casualty Company intervened as the workman's compensation insurer of Cater's employer. The case was tried before a jury on December 7, 1966. At the close of the plaintiffs' case, the defendants moved for and were granted a directed verdict rejecting the claims of the plaintiff and intervenor and dismissing plaintiffs' suit with prejudice. From the judgment entered on this verdict plaintiffs appealed. We have concluded that the record amply supports the district court's direction of a verdict for the defendants in this case and affirm.

Cater was a spray painter employed by the firm of Becnel-Groetsch and Company. He had been working steadily for them for approximately five months prior to the accident. On March 16, 1965, he was spray-painting the underside of the Louisa Street overpass in New Orleans, a part of Interstate Highway I–10.

The underside of an overpass is painted from a device known in the trade as a "pickboard". A pickboard is a type of scaffolding which sits on two ladder-like hangars and is suspended from the overpass by cables. The board on which the painter stands is of aluminum construction and is attached to these hangers by either an iron bar stuck through to keep it from slipping or the rung of the pickboard may be tied to the rung of the hanger. The hangers are suspended from cables which are strung parallel to the bridge so that the pickboard is at right angles to the span.

The particular pickboard upon which Cater was working was twenty-four feet in length and one foot wide. On the ground beneath it was a compressor used to supply air through the spray hose. The weather was clear on March 16, and the pavement was dry. Warnings signs were placed at the approaches to the underpass and the pickboard was in clear view of approaching motorists. At about 4:30 P. M. the pickboard fell, seriously injuring Cater. Immediately after the fall a tractor-trailer truck belonging to Gordon and being driven by its employee, Jules Lion,[1] was seen halted beneath the overpass. A support cable was found broken on the eastern side of Louisa Street and one end of the pickboard was also on the pavement. As a result of his fall, Cater suffered serious injuries.

As its case in chief, counsel for appellant called as its witnesses Charles E. Higgins, Jr., a state highway department paint inspector who arrived at the scene of the accident shortly after it occurred; James Cash, plaintiff's foreman, who testified concerning the construction of the pickboard; Charles Cater, the plaintiff, who testified "[T]he only thing that I can remember is that I was painting and then I woke up in the hospital;" and Doctors Roy, Meade, and Cline[2] who

---

1. It was stipulated in the pre-trial order that the truck was owned by Gordon Transport, Inc. and was being driven by its employee, Jules Lion, who was acting within the line and scope of his authority at the time of the accident.

2. The deposition of Dr. Frank X. Cline, Jr. was read into evidence since he was unable to appear at the trial personally.

testified as to the extent of Cater's injuries. After presenting only these witnesses, counsel for plaintiff rested. Defendants then moved for a directed verdict and the motion was granted. The trial judge stated that "the plaintiff has failed to introduce or offer any evidence of any kind to even show that the truck *collided* with anything; * * * he has failed completely to show any negligence on the part of the driver of the truck * * *" (Emphasis added)

■ Although jurisdiction in this case is based upon diversity of citizenship, and therefore state law is controlling as to the elements of the cause of action, the question of the sufficiency of the evidence to go to the jury on a motion for directed verdict pursuant to Rule 50, F.R.Civ.P. is controlled by federal law. Essentially the issue is the relationship of the judge and jury in the federal judiciary with constitutional underpinnings of the right to a jury trial under the Seventh Amendment. The question is not whether a certain element is a part of a prima facie case which must be proven, but only whether certain facts are sufficient to prove the state-determined elements. This must be decided by federal and not state law. Planters Manufacturing Co. v. Protection Mutual Insurance Co., 380 F.2d 869 (5 Cir. 1967); Turner v. Atlantic Coast Line R.R., 292 F.2d 586 (5 Cir. 1961); Reuter v. Eastern Air Lines, 226 F.2d 443 (5 Cir. 1955); Lowry v. Seaboard Airline R. Co., 171 F.2d 625 (5 Cir. 1948).[3] The controlling principle of federal law, therefore, which must be applied is that if the evidence is of such a character that reasonable men exercising impartial judgment may differ in their conclusion, then the case should be submitted to the jury. Helene Curtis Industries, Inc. and Cosmair, Inc. v. Pruitt, 385 F.2d 841 (5 Cir. 1967); Fidelity and Casualty Company of New York v. Funel, 383 F.2d 42 (5 Cir. 1967); McPherson v. Tamiami Trail Tours, Inc., 383 F.2d 527 (5 Cir. 1967); Herron v. Maryland Casualty Company, 347 F.2d 357 (5 Cir. 1965); Turner v. Atlantic Coast Line R.R., 292 F.2d 586 (5 Cir. 1961).

■ Appellant contends that there was some evidence from which the jury could have reasonably inferred that (1) a collision between the truck and the pickboard or its supporting cables did, in fact, occur; and (2) the truck driver was negligent in causing the collision. As evidence that there was a collision between the truck and the pickboard or cables, appellant points to certain parts of the record to support his argument that Gordon admitted a collision. For example, in answering interrogatories requiring Gordon to, *inter alia*, list all of the driver's accidents by date, the last listed is "March 16, 1965, this accident."[4] In addition, paragraph 6 of the pre-trial order covering stipulations and admissions of the parties provided in part that: "It is admitted * * * that the defendant * * * was the owner of the vehicle involved in said accident of March 16, 1965 * * *" In spite of counsel's vigorous assertion that these statements are admissions that a *collision* occurred, mere "involvement" in an accident does not connote anything more than an interest in or connection with the accident. From anything appearing in the record, the involvement admitted here was only physical presence at or

3. The Supreme Court declined to decide this exact question in Dick v. New York Life Insurance Co., 359 U.S. 437, 79 S. Ct. 921, 3 L.Ed.2d 935 (1959) since both parties assumed state law applied. See also Mercer v. Theriot, 377 U.S. 152, 84 S.Ct. 1157, 12 L.Ed.2d 206 (1964). The Courts of Appeals are divided on this question, but the majority view, and clearly the view of this Circuit, is that federal law applies. The case of Miller v. Boston Insurance Company, 271 F.2d 9 (5 Cir. 1959) is a maverick case on this point and is the sole authority for applying state law in this Circuit. The correct position in that case is stated by Judge Rives in his concurring opinion.

4. This phrase was excluded by the district court, but since Gordon admits elsewhere that its driver was involved in the accident to the extent that he was present at or soon after Cater fell, no prejudice could have resulted from its omission.

near the scene at the time of the accident, and there is no evidence showing a collision.

■ We are also not convinced that the statement by defendant's counsel in his opening statement to the jury in which he said " * * * the accident occurred generally as described by the Court and by Mr. Hebert * * * " [5] is an admission of a collision. Any possible such inference is rebutted by defendant's counsel's own description of the accident and his statement that Gordon was free of any negligence. It is perfectly clear that Gordon had no intention of admitting a collision occurred for in its very first responsive pleading, its answer to plaintiff's complaint, Gordon stated "it is specifically denied that any such vehicle struck or collided with the plaintiff." One does not waive such a defense by proceeding to alternatively allege contributory negligence.

There being no admission of a collision, we must look to the record to determine if any evidence was introduced from which the jury could have reasonably concluded that a collision occurred. Neither the photographic exhibits which were admitted into evidence, nor the location of the pickboard before and after the accident constitute any such evidence.

■■ The Louisiana courts have frequently and consistently held that a motorist who collides with a stationary vehicle or other object on the highway is presumed to be guilty of negligence. Superior Industries, Inc. v. T. Smith & Sons, Inc., 187 So.2d 538 (La.App.1955); Giorlando v. Maitrejelan, 22 So.2d 564 (La.App.1945); Becker, for Use and Benefit of Becker v. Mattel, 165 So. 474 (La.App.1936). It is unnecessary for us to consider the possible problem which might arise in the federal courts in applying such a presumption. The Louisiana rule requires a collision, there is no proof here that a collision occurred, so no presumption of negligence can arise.

The facts in this case are highly analogous to those in the case of Herron v. Maryland Casualty Company, 347 F.2d 357 (5 Cir. 1965). There the plaintiff alleged that he was seriously injured when a construction company employee drove a truck into the front end of a tractor he was operating, causing a large clod of earth to fall upon him from the front-end loader of the tractor. There, as in the instant case, there was no evidence of a collision and the plaintiff was unable to state whether there had been a collision or not. This court upheld the directed verdict of the district court.

We conclude that the record amply supports the action of the district court in directing a verdict for the defendants and affirm.

Affirmed.

---

5. Mr. Hebert, counsel for plaintiff, in his opening statement had said in describing the accident that "some part of the truck struck some part of the scaffolding, knocking Mr. Cater to the pavement of Louisa Street ' * * * "