**Paul P. KEATING, III, a minor by his father and next friend, Paul P. Keating, Jr., and Paul P. Keating, Jr., Individually, Appellants,**

v.

**JONES DEVELOPMENT OF MISSOURI, INC., d/b/a Holiday Inn of Tallahassee, Appellee.**

No. 25174.

United States Court of Appeals
Fifth Circuit.

July 30, 1968.

J. Robert McClure, Jr., Tallahassee, Fla., Charles D. McClure, McClure, Wigginton & McClure, Tallahassee, Fla., for appellants.

E. Harper Field, Keen, O'Kelley & Spitz, Tallahassee, Fla., for appellee.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

GOLDBERG, Circuit Judge:

We are compelled to add one more statistic to the high mortality rate of summary judgments. See Barber v. Motor Vessel "Blue Cat", 5 Cir.1967, 372 F.2d 626, 627 (fn. 1 and accompanying text). We have cautioned against its "misguided application," and repeat the warning here. Brunswick Corp. v. Vineberg, 5 Cir.1966, 370 F.2d 605, 612. Summary judgment was granted against plaintiff-appellant, Paul P. Keating, III, in a personal injury suit.[1] The appellant, who was six years old at the time of the accident, was injured while swimming in a motel pool maintained by the defendant-appellee, Jones Development of Missouri, Inc., doing business as Holiday Inn of Tallahassee. The district court held that the pleadings and depositions offered by the appellant presented no genuine issue of any material fact and gave judgment to the defendant as a matter of law. We reverse.

On August 10, 1964, Paul P. Keating, Jr., and his family registered at the Holiday Inn in Tallahassee, Florida. Approximately fifty minutes after their arrival, the Keatings took their five children to the swimming pool which was part of the motel's facilities. Although the appellant and his sisters wore bathing suits, their parents were dressed in ordinary attire but remained near the pool to watch the children play.

About ten minutes after the family's arrival at the pool, the appellant dived off the front of the springboard and began swimming toward the side of the pool face down. Before he could reach the edge, another guest jumped backwards off the board striking the appellant in the leg. The impact was such that the appellant was not able to get to the side of the pool without assistance. An ambulance was called immediately to take the appellant to a hospital.

On October 4, 1965, the appellant brought suit against Holiday Inn,[2] alleging that the motel had failed to exercise due care in maintaining a swimming pool for its guests. Specifically, the allegations of negligence were (1) failure to provide supervisory attendants about the pool; (2) failure to use proper safety equipment; and (3) failure to instruct divers and swimmers in the exercise of due care. The district court in its summary judgment acknowledged these allegations as sufficient to state a cause of action. The motion for summary judgment was granted, however, on the twin theories that Holiday Inn could have taken no precaution to control the actions of a diver once he had gotten on a springboard and that since the record was void of any evidence of boisterous conduct, the event must be considered an isolated occurrence beyond the foreseeability of Holiday Inn. We find this reasoning to be unacceptable.

■ Without doubt, in our Circuit the sufficiency of evidence for jury sub-

---

1. The cause of action was actually instituted by Paul P. Keating, III, a minor, for personal injuries, and Paul P. Keating, Jr., his father, as next friend, for medical expenses. For purposes of this appeal, however, reference will be made only to the son as the aggrieved party.

2. Although a suit of this nature might normally have been filed against the party who actually struck the child as well as against the motel, the appellant was denied this election because of a misunderstanding between Paul P. Keating, Jr. and the motel manager. The period of time immediately following the accident was understandably fraught with considerable confusion. Mr. Keating relied on the statement of the manager that "he would take care of everything," and consequently did not undertake this task until the following day, when the guest had apparently left the motel. The appellant, therefore, can look only to the motel for recovery, if there be any.

mission is measured by federal standards even in diversity cases. North River Ins. Co. v. Hubbard, 5 Cir.1968, 391 F.2d 863, 864; Cater v. Gordon Transport, Inc., 5 Cir.1968, 390 F.2d 44, 46; Revlon, Inc. v. Buchanan, 5 Cir.1959, 271 F.2d 795, 800. After the Court's thorough analysis of this choice-of-law question in the *Cater* decision, supra, it expostulated the following federal standard, which is sufficient to award the appellant at bar a jury trial:

"The controlling principle of federal law, therefore, which must be applied is that if the evidence is of such a character that reasonable men exercising impartial judgment may differ in their conclusion, then the case should be submitted to the jury. * * * [cases cited]." 390 F.2d at 46.[3]

■ The corollary to the above rule is the well-established principle that summary judgment can be granted only when there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 468, 82 S.Ct. 486, 7 L.Ed.2d 458, 461; Liberty Leasing Co., Inc. v. Hillsum Sales Corp., 5 Cir.1967, 380 F.2d 1013. Parties must always be afforded a trial when there is a bona fide dispute of fact between them. Associated Press v. United States, 1945, 326 U.S. 1, 5–6, 65 S.Ct. 1416, 89 L.Ed. 2013; Diplomat Electric, Inc. v. Westinghouse Electric Supply Co., 5 Cir.1967, 378 F.2d 377, 386. Moreover, even when there is agreement concerning the facts, summary judgment may not always be granted. As the Court stated in American Fid. & Cas. Co. v. London & Edin-

burgh Ins. Co., 4 Cir.1965, 354 F.2d 214, 216:

"Not merely must the historic facts be free of controversy but also there must be no controversy as to the inferences to be drawn from them. It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances the case is not one to be decided on a motion for summary judgment."

See also Phoenix Savings and Loan, Inc. v. Aetna Casualty & Surety Co., 4 Cir. 1967, 381 F.2d 245, 249; National Screen Service Corp. v. Poster Exchange, Inc., 5 Cir.1962, 305 F.2d 647, 650–651.

A careful review of the record below convinces us that a jury of reasonable men could draw different inferences from Holiday Inn's failure to meet minimum water safety requirements.[4] We note that the Fourth Circuit had no trouble in so holding in a similar case, which we quote in full:

"The testimony warranting a finding of insufficiency of the supervision at this public swimming beach leaves a troublesome question of its proximate relation to the injury of the swimmer. The Court, recognizing its closeness, is of the opinion that different inferences might be drawn by reasonable men, and that the question was properly submitted to the jury.

Affirmed." Flynn v. Kalb, 4 Cir. 1965, 341 F.2d 582, 583.

See also Ward v. United States, D.Colo. 1962, 208 F.Supp. 118, in which Chief Judge Arraj analyzed in depth the evidence necessary to prove negligence and proximate cause in a swimming accident

---

3. In The Boeing Co. v. Shipman, 5 Cir. 1968, 389 F.2d 507, our Court set forth a standard more lenient in granting jury trials. The *Boeing* decision has been set for rehearing en banc; however, we need not rely on *Boeing's* leniency to award a jury trial in the case at bar. See North River Ins. Co. v. Hubbard, supra (at fn. 3).

4. We accept as true for purposes of the motion for summary judgment the allegations that no lifeguard was on duty, no warning signs were posted, and no safety equipment was available. These assumptions are, of course, subject to dispute upon a trial on the merits.

occurring in the absence of a life guard. The Court concluded:

"Accordingly, this Court requires no direct evidence establishing 'that if a life guard had been present death would not have resulted;' rather, all that need be established for the requisite causal connection are such facts as would indicate with reasonable probability that the drowning resulted from the negligence of the defendant in failing to provide a life guard. See City of Longmont v. Swearingen, supra, 81 Colo. [246] at pages 250 and 251, 254 P. 1000. Thus, when it is reasonably probable that the antics flowing from the unleashed energy and extravagance of youth may result in serious bodily injury, as in swimming areas, a basis exists for finding that the negligent lack of supervision is the proximate cause of such injury." 208 F.Supp. at 122.

The Supreme Court of Florida, whose law we uphold in this diversity case, has spoken on the topic of swimming pool negligence and standards thereof. In Pickett v. City of Jacksonville, 1945, 155 Fla. 439, 20 So.2d 484, the Court reversed a judgment which had been granted on the defendant's demurrer. The plaintiff had alleged negligence, resulting in a drowning, due to the defendant's lack of sufficient life guards and failure to use proper safety equipment. In its decision the Court acknowledged the following two principles of law:

"Absence of a life guard at a swimming pool is negligence. See City of Longmont v. Swearingen, 81 Colo. 246, 254 P. 1000.

\* \* \* \* \* \*

Causal connection must be shown. Failure to provide suitable supervision is otherwise not actionable." 20 So.2d at 487.

In *Pickett*, while stating that some causal connection must be shown, the Supreme Court allowed the parties to contest that issue before a jury. That is exactly what we do here. Indeed, we

are reinforced by Judge Jones' words in Dornton v. Darby, 5 Cir.1967, 373 F.2d 619, 621:

"The substantive law to be applied is the law of Florida. The procedural rules are to be found in the Federal law. Issues of negligence, contributory negligence and probable cause cannot ordinarily be determined on summary judgment."

The district court below based its judgment in part on the decision in Spitzkopf v. Mitchell, 1935, 114 N.J.L. 160, 176 A. 186, which absolved a defendant pool operator from an accident caused by a diagonal dive. Even if we were to be in agreement with the New Jersey court's statement of the law, we would be justified in distinguishing the *Spitzkopf* case on its facts. The crucial factor in the *Spitzkopf* case was the unpredicted direction which the diver took upon leaving the springboard, which caused him to collide with a swimmer. Important to the application of such a doctrine would be many facts, including the size of the pool, whether or not there was a separation of swimming and diving area, and whether there were restrictions concerning how old a child must be in order to swim in a particular depth of water. We have no such conclusive presentation of facts at bar.

The district court also relied on Gordon v. Hotel Seville, Fla.Ct.App.1958, 105 So.2d 175, and in doing so extended the holding in the case beyond the intent of the Florida court. In that case a *summary judgment was reversed* because there was evidence of unchecked boisterous conduct around the pool which could have been controlled by the pool attendant. The district court below apparently reasoned that since the record is void of any evidence of horseplay prior to the accident, the defendant was not negligent as a matter of law. This again is related to the question of foreseeability, which we believe is a matter for the jury to decide. For example, even in the absence of horseplay a life guard could have increased the pool's safety quotient by timing dives

and by directing swimming traffic. The duty to provide supervision does not have as a condition precedent a history of boisterous conduct. This may be one element of negligence, but it is not the only element to be considered.

Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation. Swimming pool accidents provide no exception. Judges can claim no special competence to pass upon the safeguards appropriate to swimming pools. In fact, it is a safe assumption that they are used more by jurors than by judges. We therefore find that the district court erred in not granting the appellant a trial before his peers.

Reversed and remanded.