Brook J. JONES and J. Fred Jones,
Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee.

No. 25493.

United States Court of Appeals
Fifth Circuit.

Oct. 14, 1968.

Dean Boggs, Jacksonville, Fla., Wilson
& Thomas, Lake City, Fla., Boggs, Colee
& Wilson, Jacksonville, Fla., for appellants.

Marion R. Shepard, John E. Mathews, Jr., Mathews, Osborne & Ehrlich, Jacksonville, Fla., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and SUTTLE, District Judge.

THORNBERRY, Circuit Judge:

On May 2, 1962, Homer H. Lee applied for, and was issued an automobile liability policy. In the application Lee was asked if he had any physical defects, and he answered "no." He has suffered from birth with epilepsy. On February 22, 1963, he was involved in an automobile accident with the appellants, Brook Jones and her husband Fred Jones. State Farm, plaintiff-appellee, filed suit for a declaration that its policy issued to Lee had been properly rescinded and that it owed no obligation to Lee or any of his judgment creditors. Lee defaulted, and appellants moved for judgment on the pleadings, which was granted by the district court. On appeal, this Court reversed and remanded for trial. 343 F.2d 55. On remand the district court entered judgment on a jury finding for appellee. We affirm.

In the first appeal, this Court held that State Farm would be entitled to rescind the insurance policy if Lee fraudulently misrepresented or fraudulently concealed a material fact in his application for the insurance policy. The appellants argued that the "declarations" provision of the policy was an integration of the parties' agreement, and since the application was not made part of the policy, there could be no fraudulent misrepresentation or fraudulent concealment as a matter of law. This Court, however, reasoned that inasmuch as the alleged fraud induced the contract of insurance, the integration clause did not preclude appellee from asserting claims of fraudulent misrepresentations and fraudulent concealment by the insured in the application. Thus this Court remanded the case to the district court to determine whether Lee's answer of "no" to the question of physical defects constituted fraudulent misrepresentation or fraudulent concealment.

At the second trial, the court permitted testimony by one of State Farm's underwriters as to the meaning of "physical defects". He testified that in the insurance industry epilepsy is considered a physical defect. Appellants argue that the court committed prejudicial error by permitting the testimony of the insurance underwriter since there was no evidence in the record to indicate that the agent explained the industry meaning of "physical defects" to Lee at the time he filled out the application. Appellants' argument is that the relevant inquiry is the meaning Lee attached to "physical defects", making the underwriter's interpretation irrelevant. Although the relevant inquiry is the interpretation that Lee gave the term "physical defects", the admission of this testimony did not constitute prejudicial error under the controlling substantive law. In Pacific Mut. Life Ins. Co. v. Cunningham, S.D. Fla.1932, 54 F.2d 927, rev'd on other grounds, 5th Cir. 1933, 65 F.2d 909, the court stated the applicable Florida law:

[T]he word "illness" must be considered in the light of the ordinary conception and understanding of that term as used in applications for life insurance, as well as in the light of legal principles defining the term, and not in the light of abstract, scientific technical definitions. Nor is the matter to be determined solely upon the opinions of medical experts, such as were given in evidence here, though the latter will be accorded their appropriate weight.

54 F.2d at 930. Moreover, the court instructed the jury that the words used on an application for insurance have their usual and ordinary meaning, thereby assuring that the underwriter's testimony was not given undue weight.

Appellants argue secondly that the district court erred in failing to grant their motion for a directed verdict on the ground that as a matter of law Lee's answer to the question was truthful because no reasonable man would have interpreted "physical defects" to include epilepsy. We believe, however, that fair-

minded men could reasonably differ as to whether the ordinary concept of "physical defect" includes epilepsy. Where reasonable men could differ on the conclusion to be reached from the evidence presented, resolution is properly left to the jury. Cater v. Gordon Transport, Inc., 5th Cir. 1968, 390 F.2d 44; Helene Curtis Industries, Inc. v. Pruitt, 5th Cir. 1967, 385 F.2d 841, cert. denied, 1968, 391 U.S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652; cf. Jones v. Chaney & James Construction Co., 5th Cir. 1968, 399 F.2d 84.[1]

Appellants insist, however, that the Sixth Circuit decision in Harris v. State Farm Mut. Auto Ins. Co., 6th Cir. 1956, 232 F.2d 532, is decisive in this case on the question of whether or not epilepsy is a physical defect. In *Harris* the district court, sitting without a jury, had found that the insured had fraudulently answered "no" when asked whether he had any physical defects because he had epilepsy· The court of appeals reversed on the ground that the uncontradicted medical testimony showed that epilepsy is not a physical defect but rather a disease. Appellants maintain that the medical testimony in this case is likewise undisputed that epilepsy is not a physical defect but rather a disease and therefore that the verdict should have been directed in their favor. But medical testimony, like that of the underwriters, even if undisputed, could not be conclusive in this case because the jury's task was to determine the *ordinary meaning* of "physical defects." If reasonable men could differ, and we think they could, on the question whether the ordinary concept of "physical defect" includes epilepsy, they could differ regardless of the interpretation placed on the term by doctors or underwriters. We therefore decline to follow *Harris* and, accordingly, reject appellants' contention that they were entitled to a directed verdict.

■ Finally, appellants complain that the trial judge erred in refusing to grant their requested instruction number seven, which would have charged the jury that if the insured answered all of the questions *truthfully,* he would be under no further duty of disclosure. The court instructed that "a false representation, material to the risk, made with a conscious intent to deceive, voids the policy." The court then charged that:

> the burden of proof is on the Plaintiff to prove not only that the statement in the application by Homer H. Lee that he had no physical defect was false, *or that he concealed from the Plaintiff's agent that he had epilepsy* at the time of the taking of said written application, but the burden is also upon the Plaintiff to prove by the preponderance of the evidence that Homer H. Lee's intention was to defraud the insurance company. (Emphasis added).

Under these instructions, the jury found for the insurance company and against appellants. These instructions are sufficient to support a finding that the insurance company is entitled to rescind its contract of insurance under applicable Florida law. Section 627.01081 of the Florida Statutes, F.S.A.[2] provides that

1. We note that Florida courts leave the question of misrepresentations in insurance policies to the jury where more than one reasonable inference is possible. In Lamm v. Prudential Ins. Co., 179 So. 2d 238, 239 (Fla.App.3d 1965) the court cited with approval 18 Fla.Jur. Insurance § 455:

> In general, in suits on insurance contracts, if the evidence is susceptible of different inferences, the question of whether there has been misrepresentation, concealment, or a breach of warranty or condition, is one of fact, for resolution by the jury. Accordingly, where it is contended that the insured

has misrepresented the condition of his health in applying for insurance * * and the evidence is not conclusive on the point, it is for the jury to resolve the question; and in so doing it is within their province to reject expert testimony and rely on lay evidence.

2. 627.01081 Representations in applications

> All statements and descriptions in any application for an insurance pol'cy or annuity contract, or in negotiations, therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Mis-

an insurance company is entitled to rescind the contract of insurance if misrepresentations, concealment of facts, or omissions are made fraudulently. Moreover, the instructions given by the district judge are in accordance with the opinion in the first appeal of this case. See State Farm Mut. Auto. Ins. Co. v. Lee, 5th Cir. 1965, 343 F.2d 55, 59–60. Therefore, we find no prejudicial error in the refusal of the district judge to instruct the jury as requested by the appellants' instruction number seven.

Affirmed.

Robert L. Edmonds, Jr., pro se.

Crawford C. Martin, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

representations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
  (1) Fraudulent; or
  (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
  (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."