Louise BRYANT, Plaintiff,

v.

Roosevelt SCOTT, James Harold Dicks, Jr., Donald Ross Dobson, and Herbert A. Brockman, Defendant.

Civ. No. 68–147–ORL.

United States District Court
M. D. Florida,
Orlando Division.

Nov. 12, 1968.

James M. Russ, Orlando, Fla., for plaintiff.

Russell Troutman, of Fishback, Davis, Dominick, Troutman & Salfi, Orlando, Fla., for defendants.

## ORDER

GEORGE C. YOUNG, District Judge.

This cause came on before the Court on the motion of the defendants to dismiss the complaint. The complaint alleges that acts of the defendants have constituted a denial of the plaintiff's constitutional rights protected by the Fifth, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

The complaint alleges that the four defendants were police officers of the City of Winter Park, Florida, and that in the early morning hours of July 14, 1968, two of the defendants, Roosevelt Scott, and James Harold Dicks, Jr., arrested the plaintiff on a charge of aggravated assault.

It is further alleged that the plaintiff was taken into custody by said two defendants and taken to the City Jail of Winter Park, Florida, in her night clothes. It is further alleged that the plaintiff was held in custody in the jail in her night clothes until the next morning (Monday, July 15, 1968) when she was taken before a committing magistrate and released on her own recognizance.

It is further alleged that while she was in jail the other two defendants, Donald Ross Dobson and Herbert A. Brockman, removed the keys to the plaintiff's residence and without a search warrant entered her residence and conducted a search, removing certain items from the home.

There is no allegation that the arrest was unlawful and at the hearing on the motion to dismiss plaintiff's counsel advised the Court that such a contention was not being made by the plaintiff, but that does not appear of record in this case.

The complaint fails to allege that a basis for claiming deprivation of plaintiff's constitutional rights was that plaintiff was allegedly held without bail for an unreasonable period of time but again this void in the complaint was orally filled by plaintiff's counsel advising the Court that such contention did exist, it being his position that the plaintiff was deprived of her constitutional right to bail by not taking her before a magistrate sooner.

Although there are allegations setting forth the claim that the plaintiff was held in custody in her night clothes and not permitted to change to her street clothes, there is no allegation making it clear that such facts are another ground for claiming deprivation of constitutional rights, but again plaintiff's counsel, by oral representation, claimed that such was the case. There is no allegation, even assuming that such ground is clearly stated in the complaint, that any of the defendants were responsible for denying the plaintiff a right to change from night clothes to street clothes.

The sole allegations charging defendants, Dobson and Brockman, with any acts concern the alleged taking of plaintiff's keys in search of her residence without a warrant. Again there is no allegation that such search was without probable cause to justify such a search in the absence of a search warrant.

█ Fully cognizant of the admonition contained in Barber v. Motor Vessel "Blue Cat", 372 F.2d 626 (5th Cir. 1967) and Keating v. Jones Development of Missouri, Inc., 398 F.2d 1011 (Fifth Cir., July 30, 1968) this Court is of the

opinion that even notice pleading requires more than just notice to a defendant that a suit has been filed against him and that notice of plaintiff's claim should be simply and clearly set forth. A defendant who must stand the cost, time and trouble of defending a law suit is entitled to at least that much. In this case the plaintiff should set forth in her complaint the representations made by her counsel in Court so that her claim will be clear and simply pled and defendants can answer thereto with the disputed issues framed. It is, therefore,

Ordered that the motion to dismiss be and is hereby granted without prejudice and the plaintiff shall have ten (10) days from date hereof within which to file her amended complaint.