Watson W. **MARKHAM**, Plaintiff-Appellee,

v.

James **HOLT**, Defendant-Appellant.

No. 26911.

United States Court of Appeals
Fifth Circuit.

March 25, 1969.

Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for defendant-appellant.

Philip D. Beall, Pensacola, Fla., Robert E. Parsons, Jack J. Hall, Birmingham, Ala., Baker, McDaniel & Hall, Birmingham, Ala., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

A judgment in the United States District Court for the Northern District of Florida awarded Markham, the plaintiff-appellee, damages for personal injuries suffered when the railroad motor car he was operating collided with an automobile driven by Holt, the defendant-appellant. After hearing all the evidence, the trial court denied the defendant's motion for a directed verdict and submitted the case to the jury. In response to the jury's verdict for the plaintiff, the defendant moved for a new trial alleging that the verdict was contrary to the weight of the evidence. This motion was also denied.

Defendant Holt appeals alleging that the evidence in the case can lead to but one conclusion: that the plaintiff negligently failed to maintain a proper lookout and that his contributory negligence was one of the proximate causes of the collision. It follows, the defendant asserts, that the trial court erred in refusing to direct a verdict for him and in denying his motion for a new trial. We conclude, however, that the trial court did not err and that the judgment should be affirmed.[1]

At the time of the accident, plaintiff Markham, an employee of the St. Louis-San Francisco Railway, was operating a railroad motor car traveling in a northerly direction in Escambia County, Florida. He testified that upon approaching the Massachusetts Avenue crossing, where the accident occurred, he brought the vehicle to a complete stop, waited for two automobiles to cross the tracks, then looked to both his left and his right and, seeing no automobile coming, proceeded into the crossing. As he was nearing the center of the avenue, he

---

1. Under Rule 18 of this Court, the Court has placed this case on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

first saw the automobile driiven by the defendant approaching from the left at a rate of speed which the plaintiff estimated at fifty miles per hour. The collision ensued. Defendant Holt testified that he approached the crossing, which was unequipped with signal lights, at a speed of about twenty-five miles per hour; that from a distance of approximately one hundred feet from the tracks he looked to his right, saw nothing approaching, looked to his left and saw nothing, but that when he looked back straight ahead he saw the motor car. His attempt to swerve to the left and miss the vehicle was unsuccessful. Further elaboration of the testimony, much of which was conflicting, would serve no useful purpose.[2]

■ The law of contributory negligence in Florida has been enunciated by the state's supreme court as follows:

> While we have held repeatedly that it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any * *, nevertheless a normal adult person is charged with the duty to exercise *a reasonable degree of care* for his own safety and to see that which would be obvious upon the ordinary use of his senses * * *.[3]

A lower appellate court concisely articulates Florida's view of contributory negligence as

> the failure of a person to exercise for his own safety that degree of care and caution which *an ordinary reasonable and prudent person* in a similar situation would exercise.[4]

Since jurisdiction in this case is based upon diversity of citizenship, state law is controlling as to the elements of the cause of action. However, whether the evidence was sufficient for jury submission is measured by federal standards;[5] therefore, if the evidence was of such a character that reasonable men might differ in their conclusion, the case was properly one for jury determination.[6]

■ We believe a jury of fair-minded men, in judging the credibility of the evidence, might reasonably choose to accept Markham's testimony that he proceeded into the crossing only after looking in both directions and observing nothing to obstruct his movement. Once his testimony is given credence, clearly the evidence is reasonably susceptible of the conclusion that Markham exercised that *reasonable degree of care* expected of an *ordinary reasonable and prudent person*. Thus, the trial court committed no error in denying the defendant's request for a directed verdict.

■■ As to the motion for a new trial, we are convinced that its denial was not error. "If the trial court finds that the jury verdict is contrary to the clear weight of the evidence, it may, in its discretion, grant a new trial."[7] Where the testimony is conflicting the weight of the evidence depends upon an assessment of credibility. The trial court decided that the jury verdict was

---

2. The accident occurred December 7, 1962. This is the litigants' second trip to this court. In an opinion reported at 369 F.2d 940 (5th Cir. 1966), we reversed the district court's grant of summary judgment for defendant Holt and remanded. The present appeal is from litigation which followed.

3. Chambers v. Southern Wholesale, Inc., 92 So.2d 188, 190 (Fla.1956) (emphasis added).

4. Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132, 134 Fla.Dist. Ct.App.1964) (emphasis added).

5. North River Ins. Co. v. Hubbard, 391 F.2d 863, 864 (5th Cir. 1968); Cater v. Gordon Transp., Inc., 390 F.2d 44, 46 (5th Cir. 1968).

6. Ricketson v. Seaboard Airline R. R., 403 F.2d 836, 839 (5th Cir. 1968); Cater v. Gordon Transp., Inc., 390 F.2d 44, 46 (5th Cir. 1968).

7. Cities Serv. Oil Co. v. Launey, 403 F.2d 537 (5th Cir. 1968); see American Radiator & Standard Sanitary Corp. v. Fred Bell Contracting Co., 5th Cir. 1968) [No. 25845, November 29, 1968].

not contrary to the great weight of the evidence and, in the circumstances of this case, we think it clear that the decision was well within the court's discretion.

The judgment is affirmed.