**ADMIRALTY YACHT STORAGE CORPORATION, Plaintiff-Appellant,**

v.

**The MILWAUKEE INSURANCE COMPANY, Defendant-Appellee.**

**No. 27004.**

United States Court of Appeals
Fifth Circuit.

Aug. 26, 1969.

Marshall G. Curran, Jr., English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for appellant.

G. Morton Good, Miami, Fla., for appellee, Smathers & Thompson, Miami, Fla., of counsel.

Before TUTTLE and GEWIN, Circuit Judges, and COMISKEY, District Judge.

PER CURIAM:

This is an appeal from a directed verdict in favor of the defendant declaring plaintiff's damages excluded from the coverage of a liability policy issued by the defendant-appellee, The Milwaukee Insurance Company.

The basic facts are not disputed and were stipulated to by both parties, prior to the trial. It was stipulated and agreed that on October 18, 1965, the M/V Revere was being lifted on a ma-

rine elevator, on the premises of the Admiralty Yacht Storage Corporation, when the marine elevator collapsed, resulting in damage to the vessel and to the marine elevator. It was further stipulated that the elevator in question was designed by Richard Starns, a marine engineer, and that it was constructed and installed by B & B Industrial Builders, Inc. The policy of insurance being sued upon was issued by the Milwaukee Insurance Company and went into effect on June 21, 1963. The parties have also stipulated that the apparent cause of the failure of the marine elevator was the fracturing of one of the two compression couplings, which transmitted power to the elevator. However, the appellant and the appellee were unable to agree as to what caused the coupling to fracture and this was to be the main issue at the trial.

It was appellant's position that the failure of the coupling was caused by its improper installation at the time the elevator was constructed. In his opening statement, counsel for the appellant made the following remarks:

> "I think you will find, and we expect to introduce evidence to show, that the real cause of this calamity * * * was this * * * coupling, and we expect to put on a witness who will tell you this coupling was installed improperly, and that the way it was in and the way they put it in, it was doomed from the beginning. It had to fail. There was nothing else that could have happened. It had to fall the way it did * * * We expect to show you this coupling was defective and that this was the real reason for that accident. It was defective and because they installed it backwards."

At the conclusion of the appellant's opening statement, appellee made a motion for a directed verdict, contending that the appellant had set forth as the sole cause of action, a cause which is specifically excluded from the coverage of this policy. It was appellee's position that if the coupling fractured or broke because it was improperly installed, this was the type of breakage against which the policy did not insure.

Following a brief argument by counsel for both parties, the court denied the motion and the case proceeded to trial.

During the trial, appellant introduced expert testimony to show that the coupling broke because of the faulty installation. After appellant had completed its case, appellee reiterated his motion for a directed verdict and it was granted. With this decision we agree.

 In determining the propriety of granting or denying a motion for a directed verdict, the test that is applied in the Fifth Circuit is that a fact issue must be submitted to the jury if reasonable men could differ on the conclusions to be reached from the evidence presented. Herron v. Maryland Casualty Co., 347 F.2d 357, 5th Cir. (1965); Helene Curtis Industries, Inc. v. Pruitt, 385 F. 2d 841, 5th Cir. (1968) cert. den. 391 U. S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652. Exclusion seven of the policy issued by the appellant provides:

> "This policy does not insure against: * * * Wear, tear and gradual deterioration; *breakage* and/or rust unless the same be the direct result of fire, lightening, explosion, cyclone, tornado, windstorm, flood, earthquake, collision, derailment, or overturn of conveyance, malicious damage or aircraft damage."

Since breakage caused by improper installation is excluded from the coverage of this policy and since appellant has offered no evidence to show that the breakage may have arisen from some source included in the policy limitations, reasonable men could not have differed from the decision reached by the trial judge. Accordingly, that decision is affirmed.