SMITH, Justice:
Appellants, Wilton Richard and G. Ramsey Russell, to whom Richard had assigned his claim prior to suit, were plaintiffs in an action in the Circuit Court of Washington County against appellee, Hartford Fire Insurance Company, to recover upon a policy of inland marine insurance on a crawler tractor alleged in plaintiffs’ declaration to have been destroyed by fire in Cass County, Texas. General Electric Credit Corporation, holder of a lien upon the tractor, was permitted to intervene. The jury returned a verdict for Hartford and plaintiffs appeal.
The policy in question had been purchased by Richard through an insurance agency in Greenville, Mississippi. Originally, its effective period had been from April 30, 1967 to April 30, 1968. By subsequent endorsements, the policy was renewed to cover the period from April 30, 1968 to April 30, 1970. The policy contained a provision in the coverage endorsement as follows:
2. This Endorsement Does Not Cover:
a. Any property when such property is more than SO miles from the premises described in the policy.
It is conceded that the premises referred to in the policy were at Greenville, Mis *503 sissippi. The policy also contained, under “Conditions,” as paragraph 8, “Changes,” the following provision:
Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.
No copy of the policy sued upon was exhibited with the declaration which stated: “That plaintiff does not have in his possession, and has been unable to secure a copy of said policy. . . . ” However, it is not alleged nor does it appear that any request for a copy had been made to the local agency or to Hartford or that any effort of any kind had been made to obtain a copy of the policy, the original of which was in the hands of Richard’s lien creditor, General Electric Credit Corporation. Copies were filed with the pleadings of the lienor and the defendant. There was no allegation in the declaration that it would be claimed that the policy, as issued by Hartford, had been altered or changed.
The paragraphs of the declaration were not numbered. The first paragraph named the parties, the second, which it seems is considered to have been the first, contains a recital that the policy was issued by an insurance agency, “Moyse & Moyse & Wasson, general agents of defendants, and engaged in the business of general insurance agents in the City of Greenville. . ” The same paragraph sets out the policy period, the serial number of the tractor, and the amount of insurance afforded and of the premium. To this declaration Hartford filed its answer. Among other things this pleading stated:
1) Answering the first paragraph of the Declaration filed herein against it, defendant admits the facts therein stated.
A copy of the policy sued upon was attached. Hartford pointed out the provision in the policy which provided that the tractor was covered only when located within 50 miles of Greenville and that, as stated in the declaration, the tractor had burned while located in Cass County, Texas and therefore was not covered. There is no contention that such a policy provision is not valid.
To the answer, on the morning of the trial, plaintiff filed a replication, and in it, for the first time, attached a copy of the policy stating that it had been obtained from General Electric Credit Corporation. In this pleading plaintiffs alleged, also for the first time, that the policy had been modified, amended or changed in a controlling particular by an oral understanding with the Greenville agency. It was now alleged that Richard had notified the Vice President of Moyse & Moyse & Wasson, general agents of Hartford Fire Insurance Company, the defendant, that the tractor was being moved from its Greenville location to Cass County, Texas and had been assured by that individual that it would be covered there by the policy. It was further alleged that after the tractor had been so removed the Vice President again told Richard that it was covered. In this pleading, filed on the eve of the trial, the defendant was informed for the first time that the plaintiff would rely for recovery upon an alleged oral modification, amendment or alteration of the policy sued upon. It was alleged that an officer of the local insurance agency had orally eliminated the provision restricting coverage to an area within a radius of 50 miles of Greenville. It was the theory of plaintiffs that it was within the real or apparent scope of the authority of the Greenville insurance agency to do this as general agents of Hartford.
As stated, this was the first time the proposition had been advanced by plaintiffs that a vital alteration of the contract had been made by the Greenville agency and that this agency had authority to modi *504 fy or waive or endorse the policy so as to eliminate the coverage restriction. Hartford immediately responded to this replication and denied that the Greenville agency was its general agent, denied that it had authority to change the coverage provisions of the policy, and denied that any such oral waiver, modification or endorsement had, in fact, been made. No question was raised by any party as to the propriety of any of these several pleadings and the case proceeded to trial. At the conclusion of the trial, the jury returned a verdict for Hartford.
The sole question presented on this appeal is whether the trial court erred in: (1) declining to instruct the jury peremptorily that the Greenville insurance agency was the general agent of Hartford, and as such had authority to make the modification or waive the policy provisions, and (2) in submitting to the jury the question of whether such agency had the real or apparent authority to do so. Plaintiffs-appellants’ position is that this was admitted in the answer and that the evidence touching upon the question was incapable of supporting any other conclusion.
The quoted recitals contained in the declaration referring to Moyse & Moyse & Wasson as general agents of Hartford and embraced in the “first paragraph” admission in the answer, were not, in the context of the ex contractu cause of action stated in the declaration, and which was founded upon a specific insurance contract, material to any issue there tendered by the declaration. At that point, there was a complete absence of any allegation or suggestion that plaintiffs relied upon a critical alteration, modification or change in the terms of the policy sued upon, or that it would be contended that the local agents had authority to modify, alter, or waive the policy provisions as to coverage or that they had done so.
The policy, under Mississippi Code 1942 Annotated section 1470 (1956), should have been exhibited with the declaration, but in any event it was specifically identified and plead. If a waiver or modification of its terms was to be relied upon by plaintiffs as the basis for recovery, the declaration should have contained appropriate allegations giving notice of this fact. It was not until it was pointed out in the answer that under the express terms of the policy sued upon no coverage was afforded for the loss of the tractor in Cass County, Texas, that plaintiffs claimed that the insuring contract had been orally modified by the Greenville agency so as to delete paragraph 2. a. of the coverage endorsement. It would, of course, have been more appropriate to have amended the declaration to show that plaintiffs relied upon a contract the terms of which differed materially from that originally sued upon. This, however, was not done. On the contrary, plaintiffs filed a replication to the answer and put forward a contract differing from that referred to in the declaration in a particular vital to plaintiffs’ right of recovery, and advancing the proposition that the original contract had been modified by the local insurance agency under its authority as general agents of Hartford. Under these allegations of the replication Hartford was acquainted for the first time with plaintiffs’ contention that the local agency as the general agent of Hartford, had modified the contract. The extent of the authority of the local insurance agency then became material to plaintiffs’ case. Hartford immediately responded to the replication, denied that the local agency was its general agent, denied that it had authority to modify the contract, and denied that such agency had made the modification as a matter of fact. We think this was a sufficient and timely traverse of the allegations in question under the circumstances of this case and effectively joined issue with respect thereto.
This view is supported by the obvious fact, disclosed by the record, that plaintiffs, in trying their case, set out to prove that the Greenville agency was a general agent of Hartford, and made this *505 one of their main objectives in their case in chief. It was not until the trial was coming to a close on the second day that plaintiffs made known the fact that it would be contended that Hartford had admitted in its answer that the Greenville agency was its general agent, and had thus foreclosed the question. A great deal of proof touching this question was put on by both parties and after carefully considering it we are constrained to agree with the trial court that the evidence in the record left a factual question for determination by the jury as to whether the Greenville agency was Hartford’s general agent or not or had real or apparent authority to make the alleged alteration of the contract.
When finally the question was raised, Hartford moved to amend its answer to conform to the evidence and to deny the recital in the first paragraph of the declaration describing the Greenville agency as general agents of Hartford. After considerable discussion, the court denied the motion and stated: “No sir. Iam going to leave it just like it is, I am not going to allow an amendment.” It might have been better to have allowed the amendment, but as we have said, the issues which were posed only by plaintiffs’ subsequent pleadings had been effectively traversed and were fairly tried. Under the circumstances, the error, if it was error, was without prejudice.
At the conclusion of all of the evidence, the trial court properly submitted to the jury the question of whether such agency had either the real or apparent authority to modify the contract. We think the evidence was ample to support the jury’s verdict upon that issue as well as upon the disputed factual issue as to whether the alleged conversations ever took place which were relied upon as having modified the contract. Pacific Insurance Company of N. Y. v. Lovern, 253 Miss. 804, 180 So.2d 290 (1965); American National Insurance Company v. Walters, 230 Miss. 616, 93 So.2d 616 (1957).
Affirmed.
GILLESPIE, C. J., and BRADY, PATTERSON and SUGG, JJ„ concur.